McDONALD & Co. ET AL. v. FARRELL ET AL.

1. **Practice:** IDENTIFYING PAPERS AS PART OF RECORD. Where appellants' abstract shows that the papers set out in the additional transcript and amended abstract filed by appellees were introduced in evidence, and that sufficient reference thereto by their dates and designations by marks, as exhibits, are found in the record, this is sufficient, under Code, section 2834, to identify the papers and make them a part of the record, and to entitle them to be certified to this court on appeal.

2. **Fraudulent Conveyance:** FACTS CONSTITUTING. Upon consideration of the evidence in this case (see opinion) it is *held* that the conveyance of the land in question by one defendant to the other was in fraud of creditors, and was properly set aside.

3. **Practice in Supreme Court:** CERTIFICATION OF DOCUMENTARY EVIDENCE: OBJECTION TOO LATE. Whether executions and other records from the court files, used in evidence in the court below, must be certified to this court in their original form, and not by copy, *quaere;* but since appellants in this case did not object to certification by copy until the case was ready for submission in this court, when it was too late for appellees to correct the error, if there was one, *held* that the objection was made too late to be entitled to consideration.

*Appeal from Buchanan District Court.*

FRIDAY, DECEMBER 15.

ACTION in chancery to set aside the conveyance of certain lands made by defendant, Thomas Farrell, to his co-defendant, Michael, on the ground that it was executed to defraud plaintiffs, who are judgment creditors of Thomas, by defeating their judgments. The petition prays that the land may be declared to be subject to the lien of plaintiffs' judgments. Upon a trial on the merits, a decree was entered granting the relief prayed for in plaintiffs' petition. Defendants appeal.

*John J. Ney*, for appellants.

*Woodward & Cook*, for appellees.

BECK, J.—I.  A preliminary question arising upon a motion of defendant to strike an amended abstract and additional

1. PRACTICE: identifying papers as part of record.

transcript filed by plaintiff, must be disposed of before the cause is considered upon its merits. The amended abstract and additional transcript set out copies of the executions, and returns thereon, issued upon the judgments rendered in favor of the plaintiffs, copies of notes upon which the judgments were rendered, and the pleadings and other proceedings in one of the cases. The additional transcript is accompanied by a certificate of the judge trying the case, which shows that these papers were introduced in evidence at the trial of the case. The motion of defendants to strike the amended abstract and additional transcript, is based upon the ground that the papers therein appearing were not introduced in evidence upon the trial, and the certificate of the judge was made before the additional transcript was prepared.

The motion, we think, ought not to be sustained. Defendants' abstract shows that the papers set out in the additional transcript and amended abstract were introduced in evidence,

and that sufficient reference thereto by their dates and designations by marks, as exhibits, are found in the record. See Code, § 2834. These sufficiently identify the papers and they ought to have been sent up by the clerk without direction or further certificate of the judge. They were probably omitted from the original transcript for the reason that, belonging to other cases, they were not lodged in the files of this case, but were returned to the files of the cases to which they belong. The clerk has the custody of all these cases. In this view, it is not necessary to consider the effect and sufficiency of the certificate of the judge filed with the additional transcript. The motion must be overruled and the papers regarded as evidence in the case.

II. The record before us shows the recovery of the judgments in favor of plaintiffs and against defendant, Thomas, the issuing of the executions thereon and the returns of no property found, and the conveyance of the lands in question by defendant, Thomas, to his brother, Michael. We are to determine whether this conveyance was in good faith, or was made for the purpose of defeating the creditors of Thomas in the enforcement of these judgments.

2. FRAUDU-
LENT convey-
ance: facts
constituting.

The circumstances of the case all point to the conclusion that the conveyance of the property was made to protect it from the creditors of Thomas. It clearly appears that, after the conveyance, he had no other property subject to execution; that he and defendant, Michael, were brothers; that Michael was without means sufficient to enable him to pay for the property, and that Thomas remained in possession of the lands, and Michael removed out of the State. These and other circumstances, added to admissions and declarations of defendants shown in evidence, conceding that the transaction was fraudulent, leave no doubt in our minds that the conveyance was without consideration, and made for the purpose, shared by both parties, to defeat the creditors of Thomas. An extended discussion of the evidence is not demanded by

VOL. LX—22

the character of the case, nor would it prove profitable to the parties or to the profession.

III.   Counsel for defendants insist that, as the executions and other records from the court files, used in the evidence in the court below, are not certified to this court in their original form, but appear by copy, they cannot be regarded as evidence in the case, under Code, section 3184.   Without determining that this provision applies to records offered in evidence, of the character of the papers in question, we are of opinion defendants cannot, at this stage of the case, upon its submission for decision, urge the objection.   It should have been made in time to permit the other party to correct the error, if it be one, by filing the original papers.  But no objection on the ground of the absence of the originals was made before the submission of the case.   Defendants' motion to strike the amended abstract and additional transcript, does not relate to the fact that the original papers are not certified to this court. The plaintiffs were authorized to infer that, as no objection was made upon the submission of the case to the substitution of the copies for the original papers, the defendants were content to try the case upon the copies.   Our conclusion upon this point is supported by the fact that defendants make no suggestions that the copies are not correct, or that any prejudice will result from the absence of the originals.

*3. PRACTICE in supreme court: certifying documentary evidence: objection too late.*

IV.   We have no occasion to doubt the correctness of the legal principles announced in the brief of defendants' counsel.   Their application does not demand the reversal of the decree of the District Court.

V.   The case has been so clearly and systematically presented by defendants' counsel in his printed brief and argument, as to merit expression of approbation by us.   His method of presenting the cause may well be regarded as a model.   But, unfortunately for him, the facts are against his client.

The decree of the District Court must be

AFFIRMED.