[No. 19256.  Department Two.—February 6, 1894.]

ADOLPH ANTHONY, RESPONDENT, *v.* FRED GRAND, APPELLANT.

ACTION FOR ASSAULT AND MAYHEM—EVIDENCE—REPUTATION OF DEFENDANT.—In an action to recover damages for an assault and mayhem, by biting off a finger of the plaintiff, where the trial court found that the defendant willfully and violently assaulted the plaintiff and inflicted the injuries complained of, and the finding is not questioned upon appeal, the refusal of the trial court to admit testimony upon the part of the defendant as to his reputation for being peaceable and quiet was not prejudicial error.

COSTS—RECOVERY LESS THAN THREE HUNDRED DOLLARS—CONSTRUCTION OF CODE—DEFENDANT NOT ENTITLED TO COSTS.—Under section 1025 of the Code of Civil Procedure, which provides that "No costs can be allowed in an action for the recovery of money or damages when the plaintiff recovers less than three hundred dollars," neither party can recover costs in such case, and the defendant is not entitled to a judgment against the plaintiff for his costs.

APPEAL from a judgment of the Superior Court of San Diego County, and from an order denying a new trial.

The facts are stated in the opinion.

*Trippet, Boone & Neale,* for Appellant.

*Utley, Thorp & Holcomb,* for Respondent.

BELCHER, C.—This is an action to recover damages for personal injuries sustained by the plaintiff.

The court below found that on the fourth day of July, 1892, the defendant " did willfully and violently assault the plaintiff, Adolph Anthony, and the said defendant did then and there willfully and violently bite off with his teeth, and sever from said plaintiff's right hand, a portion of the fourth finger of said hand, to wit: said defendant did so bite off the said finger of plaintiff just below the first joint thereof; that by reason of said assault and biting, as aforesaid, said plaintiff has at all times since said fourth day of July, 1892, been disabled from following his usual occupation of a miner, and has been disabled from attending to his business as such," and has been damaged in the sum of two hundred and fifty dollars, for which he is entitled to judgment.

Judgment was accordingly entered against the defendant for the sum named, from which and from an order denying a new trial he appeals.

It appears from the bill of exceptions that when the plaintiff rested his case at the trial a witness was called for the defendant, and testified that he had known defendant for eighteen years, and knew the people where he lived. He was then asked: " Do you know his reputation for being peaceable and quiet? " The question was objected by the plaintiff on the ground that the evidence sought was irrelevant and immaterial, and the objection was sustained and an exception reserved.

It also appears from the bill of exceptions that before the findings were filed and the judgment entered " the defendant presented to the court findings of fact and conclusions of law and judgment for signature by the judge of said court, accompanied by a memorandum of

costs and disbursements sworn to by the defendant,"
copies of which are set out.

The findings presented are substantially the same as
those filed, except that the conclusions of law are "that
plaintiff is entitled to judgment against said defendant
for said sum of two hundred and fifty dollars, and that
said defendant is entitled to judgment against said plain-
tiff for his costs in this behalf laid out and expended."
And the judgment is substantially the same as that en-
tered, except that there is added to it: "It is further
ordered and adjudged by the court that the defendant
have and recover of and from the plaintiff his costs in
this behalf laid out and expended, taxed at the sum of
two hundred and fifty-four dollars and sixty-five cents."

The court refused to adopt the findings and judgment
so presented, and the defendant excepted to the ruling.

It is claimed in support of the appeal that the court
erred in excluding the offered evidence, and in refusing
to give the defendant judgment for his costs; and these
are the only points presented for decision.

We see no merit in either of the points made.    The
court found that the defendant willfully and violently
assaulted the plaintiff, and bit off his finger.    The cor-
rectness of this finding is not questioned, nor is any of
the evidence in support of it brought up in the record.
It must therefore be presumed to have been fully justi-
fied by the evidence introduced.    But if the defendant
committed the wrong complained of in the manner
stated, then his reputation for being peaceable and
quiet was wholly immaterial, since however good it may
have been the judgment must necessarily have gone
against him.

As to the second point.   The allowance of costs is a
matter of statutory regulation.   Our statute provides
that "no costs can be allowed in an action for the
recovery of money or damages when the plaintiff re-
covers less than three hundred dollars." (Code Civ.
Proc., sec. 1025.)   This evidently applies to both parties

to the action and forbids the recovery of costs by either of them.

The judgment and order appealed from should be affirmed.

For the reasons given in the foregoing opinion, the judgment and order appealed from are affirmed.

McFARLAND J., and FITZGERALD, J., concurred.

DE HAVEN, J., concurred in the judgment.