ATCHISON, TOPEKA & SANTA FE RAILWAY COMPANY VS
YOUNG.

Opinion delivered October 26, 1899.

*1.  Bill of Exceptions—Certificate—Date of Filing.*

When the date of filing a Bill of exceptions, as shown by the en-
dorsement of the Clerk thereon, was one day subsequent to
the date of the Clerk's certificate appended to the Bill, and
both dates were within the time allowed for filing the Bill of
exceptions, and the record discloses no purpose nor advantage
in a misdating of the certificate, it will be presumed that the
Bill was actually deposited with the clerk on the first date,
and, by mistake, was not endorsed as filed until the next day.

*2.  Railroads—Liability Assumed by Purchaser at Foreclosure Sale.*

Where a new company purchases a railroad at foreclosure sale, it
assumes only the debts and liabilities of the old company to
the extent named in the order of court directing the sale, in
the absence of any statute to the contrary.

*3.  Burden of Proof.*

The burden of proof lies on the plaintiff to establish the assump-
tion by the new company, of the obligation of the old or of
the Receiver's, on which he seeks to recover.

Appeal from the United States court for the Southern
District.

C. B. KILGORE, Judge.

Action by D. A. Young against the Atchison, Topeka
& Santa Fe Railway Company. Judgment for plaintiff.
Defendant appeals. Reversed.

This suit was commenced on the 31st day of July,
1896, by the appellee, to recover damages from the appel-
lant railway company alleged to have been sustained by him

to a certain shipment of live stock, being 27 head of beef steers, shipped by defendant from Purcell, in the Indian Territory, to Kansas City stock yards, in the state of Kansas. At the time of the alleged shipment of the cattle and the damages to them, the Atchison, Topeka & Santa Fe Railway Company was in the hands of receivers, and the contract of shipment was had with them. Thereafter the said railroad and its properties were sold at foreclosure sale, and were purchased by the defendant corporation under the name of the Atchison, Topeka & Santa Fe Railroad Company, against which this suit was brought. The case was tried to a jury, and a verdict rendered for the plaintiff for the sum of $213.65. A motion for new trial was made and overruled, and an appeal to this court prayed and granted. For the purposes of this case we do not deem it necessary to further state the facts.

*H. E. Asp, John W. Shartel, J. R. Cottingham* and *Ledbetter & Bledsoe,* for appellant.

*Dorset Carter* and *B. D. Davidson,* for appellee.

CLAYTON, J. It is contended by appellee that the bill of exceptions in this case is not properly before us, for the reason that the file mark of the clerk as endorsed upon it shows that it was filed by him on the 24th day of February, 1897, whereas the clerk's certificate is dated February 23, 1897, one day before its filing, as shown by the file mark. Both of these days are within the time allowed by the order of the court in which the bill of exceptions could have been filed. The certificate of the clerk is as follows: "I, Jos. W. Phillips, clerk of the United States Court, Southern district of the Indian Territory, do hereby certify that the above and foregoing is a true, full, and complete copy and transcript of the judgment, bill of exceptions, record, and proceedings in a cause lately pend-

Bill of exceptions. Time of filing.

ing in said court at Purcell, Indian Territory, wherein D. A. Young was plaintiff, and the Atchison, Topeka & Santa Fe Ry. Co. was defendant, as the same appears of record in my office as such clerk,'' etc. By this certificate of the clerk it is shown that the bill of exceptions was of record on the 23rd, and it could not have been of record unless it was on file in his office at the time, and the mere fact that it was not indorsed as having been filed until the next day is not conclusive of the fact that it was not on file at the time of making the certificate. If the day on which the filing is dated had been a day after the time allowed by the order of of the court for filing the bill of exceptions, it would have been some evidence of a fraudulent dating of the certificate, but, as both days were within that time, we cannot say that the file mark impeaches the certificate. The record discloses no purpose for which this could have been intentionally done, and therefore we conclude that the bill of exceptions was actually deposited with the clerk on the 23rd, but the filing was not indorsed upon it until the 24th, and it was by mistake dated as of that day. The bill of exceptions, therefore, is properly before us.

There were quite a number of exceptions saved at the trial, and assigned as error, one of them being that the court erred in refusing to instruct the jury to return a verdict for the defendant; and, as we view the case, we deem it only necessary to pass upon this single assignment. The question presented for our decision is: Is the appellant, the Atchison, Topeka & Santa Fe Railway Company, liable in this action for damages sustained by the appellee by the negligent handling of the cattle by the receivers of the Atchison, Topeka and & Santa Fe Railroad Company? Inasmuch as the defendant company purchased the railroad **Purchases of railroad. Liabilities assumed.** and the properties of the old company at a foreclosure sale, there being no statute to the contrary, it would be held liable only for the debts and liabilities of the old

company to the extent named in the order of the court directing the sale. If the liability sued for in this case were named in the order to be assumed by the purchasing company, this action would lie against it. If it were not so named in the order, there rests on the defendant company no legal obligation to pay it. And the burden of proof lies on the plaintiff to establish this fact, and the order, or a certified copy of it, is the proof which the law requires. In this case the order was not produced at the trial, nor was there any proof offered showing, or tending to show, that this claim was embraced in it; but on the contrary, it was shown by the testimony of Mr. Cottingham, an attorney for the defendant company, but put on the stand by the plaintiff, that the order did not recite this liability as one to be assumed and paid by the purchaser at the sale. And this was all the proof on this point adduced at the trial. Whether it was competent to establish this fact by this oral testimony is not material here. He was plaintiff's witness. His testimony was not objected to, and it stands alone, unchallenged, as all of the evidence, whether competent or not, on which plaintiff must rely to maintain his cause of action. On the law governing the liability of purchasers of railroads at receivers' sales, etc., Mr. Elliott, in his work on Railroads (section 526,) lays down the law as follows: "The purchaser generally takes the property freed from the debts and con tracts of the vendor, except so far as his title is made subject thereto by statute, or by the terms of the order of sale;" and he cites in his notes many authorities sustaining the text. In the case of Hoard vs Railway Co., 123 U. S. 225, 8 Sup. Ct. 76, the supreme court of the United States say: "The present defendant, the railway company, is not shown to be under any obligation to perform the covenant of its predecessor, the railroad company, which is set up here as a matter of specific defense. The person who purchased the railroad at the mortgage foreclosure sale did not thereby,

*Burden of proof.*

under any statute of the state, or any contract of which we are aware, become obliged to pay the debts and perform the obligations of the railroad company." This doctrine of the law is so firmly established by reason and judicial decision that we deem it unnecessary to further cite authorities. But see Railroad Co. vs Shirley, 54 Tex. 125; Brockert vs Railway Co. (Iowa) 61 N. W. 405; Vatable vs Railroad Co., 96 N. Y. 49; Railroad Co. vs Griest (Ky.) 4 S. W. 323; Gilman vs Railroad Co., 37 Wis. 317; Cooper vs Corbin, 105 Ill. 224; Railroad Co. vs Griffin, 92 Ind. 487; Ryan vs Hays, 62 Tex. 42; Cook vs Railroad Co., 43 Mich. 349, 5 N. W. 390; Hammond vs Railroad Co., 15 S. C. 10; Railroad Co. vs Orr (Ky.) 15 S. W. 8. The fact that the obligation accrued while the railroad was in the hands of a receiver does not alter the case. "Where a judgment is obtained against a railroad company and a receiver of such company after title to the property of the company has passed to a new company under foreclosure proceedings, the new company is not liable for such judgment, though the receiver did not turn over the property and obtain his discharge until after such judgment was rendered, and at the time had in his hands and turned over to the new company money sufficient to pay it." Brockert vs Railway Co. (Iowa) 61. N. W. 405. And if, under the circumstances of that case, a judgment against the receiver is not a binding obligation against the new company, a fortiori, an obligation against a receiver not reduced to judgment creates no liability against it. The judgment of the court below is reversed, and the cause remanded, with directions that the case be dismissed at the costs of plaintiff.

SPRINGER, C. J., and THOMAS and TOWNSEND, JJ., concur.