[Sac. No. 842.   Department One.—March 11, 1902.]

## MARY E. BEMMERLY et al., Appellants, v. W. F. SMITH, Respondent.

TRESPASS—INJUNCTION—RECEIVER—EQUITABLE ACTION—ADVISORY VER-
DICT—FINDINGS—CONFLICTING EVIDENCE—APPEAL.—An action to
recover damages for trespass upon land, and for an injunction to
restrain threatened waste thereon, in which a receiver was appointed
to dispose of certain grain raised upon the land in accordance with
the rights of the parties, under a cropping contract, is an equitable
action; and findings by the court in accordance with an advisory
verdict rendered therein, made upon conflicting evidence, will not be
disturbed upon appeal.

ID.—COSTS—DISCRETION—DAMAGES.—The costs in an equitable action
are in the discretion of the court; and where findings were made in
favor of the defendant upon the main issue in such an action, costs
taxed in his favor against the plaintiff will not be disturbed, not-
withstanding damages were recovered by the plaintiff in less than
three hundred dollars.

APPEAL from a judgment of the Superior Court of Yolo County and from an order denying a new trial. E. E. Gaddis, Judge presiding.

The facts are stated in the opinion of the court.

J. C. Ball, for Appellants.

R. Clark, and C. W. Thomas, for Respondent.

GAROUTTE, J.—This is an action brought to recover damages for trespass upon real estate, coupled with a prayer for injunction to restrain the commission of threatened waste. Plaintiffs appeal from the judgment and order denying their motion for a new trial.

The main issue litigated at the trial involved the terms of a lease or cropping contract, plaintiffs insisting that by its terms they were entitled to one third of the volunteer grain raised upon a certain tract of land farmed by defendant, and defendant insisting that they were only entitled to one fourth of said grain. The trial court made findings of fact based upon the advisory verdict of a jury, and upon this issue found in favor of defendant. While there is considerable evidence opposed to the finding, still the evidence of defendant was directly in line with it, and, as appears by the result, both the jury and the judge gave the evidence credence. Under these circumstances the finding of fact will not be disturbed by this court. The action being equitable in its character, we do not find anything in the judgment bearing upon the disposition of the hay raised upon the land which denies an affirmance of the judgment.

By the judgment plaintiffs recovered $67.50 damages, the property rights as to certain hay and grain involved in the litigation were adjudicated, and the receiver ordered to deliver that property to the respective parties in accordance with the terms of the judgment. By the judgment it was further ordered that defendant recover from plaintiffs his costs incurred in the trial of the action. In *Anthony* v. *Grand,* 101 Cal. 237, it was decided that under the provisions of the Code of Civil Procedure (section 1025) neither party is entitled to recover costs in an action brought for money or damages where the

plaintiff recovers less than three hundred dollars. But the present action cannot be said to be one for the recovery of money or damages. It essentially sounds in equity; for a restraining order was sought, a receiver was appointed, waste was alleged to be threatened,.and the judgment itself is in its nature of an equitable character. In that kind of a case the awarding of costs is a matter largely in the discretion of the trial court (*Abram* v. *Stuart*, 96 Cal. 238), and here the order taxing plaintiffs with costs will not be disturbed.

For the foregoing reasons the judgment and order are affirmed.

Van Dyke, J., and Harrison, J., concurred.