SPENCER et al., Appellants, v. MUNGUS et al.,
RESPONDENTS.

(No. 1,590.)

(Submitted May 28, 1903.   Decided June 6, 1903.)

*Costs—Allowance to Defendant — Order — Right of Appeal.*

1.  An order, after final judgment for defendant, refusing to disallow his costs, is reviewable on appeal from the judgment, and not on an independent appeal; the costs being a part of the judgment.
2.  Code of Civil Procedure, Section 1851, allows costs, of course, to the plaintiff, on his recovering a judgment in excess of $50 in an action for money or damages.  Section 1852 provides that costs must be allowed, of course, to the defendant, upon a judgment in his favor.  Seciton 1853 provides that no costs can be allowed in an action for the recovery of money or damages when the plaintiff fails to recover more than $50. - *Held*, that costs were properly allowed defendant on his recovering $35 under a counterclaim.

*Appeal from District Court, Granite County; Welling Napton, Judge.*

Action by John A. Spencer and C. C. Spencer, copartners under the firm name of John A. Spencer & Son, against Mike Mungus and A. Blazina, copartners under the firm name of A. Blazina & Co.   Judgment for defendants, and plaintiffs appeal.   Affirmed.

STATEMENT OF THE CASE.

This action was commenced in the district court of Granite county by the appellants (plaintiffs below) to recover the sum of $1,118.66, alleged to be due from the defendants for goods, wares and merchandise sold by the plaintiffs to them between May, 1898, and December, 1899.   Defendants filed an answer denying the material allegations of the complaint, and, by way of counterclaim, sought to recover judgment against the plaintiffs for $1,492.98, alleged to be due for moneys loaned and goods sold to and for work done for them by the defendants during the two years next prior to the date of the filing of the an-

swer. All the allegations of the counterclaim were denied by the reply. The cause was tried to a jury, which returned a verdict in favor of the defendants for $35. From the judgment entered thereon for the amount of the verdict, and including the defendants' costs, the plaintiffs appeal. The notice of appeal states that the appellants also appeal from an order of the district court refusing to strike out and disallow the defendants' costs.

*Mr. Josiah Shull,* and *Mr. W. E. Moore,* for Appellants.

*Messrs. Durfee & Brown,* and *Mr. George A. Maywood,* for Respondents.

MR. JUSTICE HOLLOWAY, after stating the case, delivered the opinion of the court.

The appellants apparently proceeded upon the theory that the order of the district court refusing to disallow the defendants' costs was an order made after final judgment, and appealable as such. But costs are a part of the judgment, and, in contemplation of law, are settled before being incorporated in the judgment, and any order made with reference thereto is reviewable upon the appeal from the final judgment. (*Mont. Ore Pur. Co.* v. *Boston & Montana C. C. & S. M. Co.,* 27 Mont. 288, 70 Pac. 1114.)

The only error assigned is the action of the district court in including in the judgment the defendants' costs. It is contended that no costs can be allowed in this action, for the reason that neither party recovered more than $50. So much of the Code of Civil Procedure as is necessary to be considered in a determination of this question is as follows:

"Sec. 1851. Costs are allowed, of course, to the plaintiff, upon a judgment in his favor, in the following cases:   *   *   *
(3) In an action for the recovery of money or damages, exclusive of interest, when plaintiff recovers over fifty dollars.

"Sec. 1852. Costs must be allowed, of course, to the defendant, upon a judgment in his favor in the actions mentioned in the next preceding section.    *    *    *

"Sec. 1853.    *    *    *    But no costs can be allowed in an action for the recovery of money or damages when the plaintiff fails to recover more than fifty dollars.    *    *    *"

Under Section 1851, above, costs are allowed to the plaintiff only upon two conditions: First, that he prevails in the action; and, second, that his recovery exceeds $50. Under Section 1852, costs are allowed to the defendant upon a judgment in his favor, whether it be upon a general verdict which merely defeats the plaintiff's right of recovery, or for a definite amount in his favor, however small the amount may be. (*Davis* v. *Hurgren,* 125 Cal. 48, 57 Pac. 684; *Dows* v. *Glaspel,* 4 N. D. 251, 60 N. W. 60.) Under Section 1853, which is the corollary of the other two, neither party is allowed costs when the plaintiff prevails in the action, but his recovery does not exceed $50. This is the construction placed upon a like provision by the Supreme Court of California in *Anthony* v. *Grand,* 101 Cal. 235, 35 Pac. 859. In that case the plaintiff prevailed, but recovered less than the amount necessary to carry costs, and the defendant contended that in that event he (defendant) should recover his costs. In disposing of the question the court said: "Our statute provides that 'no costs can be allowed in an action for the recovery of money or damages when the plaintiff recovers less than three hundred dollars.' (Code Civil Procedure, Sec. 1025.) This evidently applies to both parties to the action, and forbids the recovery of costs by either of them."

In this case the defendants recovered judgment, and, under the provisions of Section 1852, above, are entitled to have included in that judgment their costs. The provisions of Section 1853, above, have no application whatever to the facts of this case. That section only applies when the plaintiff recovers judgment, but the amount of his recovery does not exceed $50. Costs are the creatures of statute. They were not allowed at all, *eo nomine,* at common law; and the

particular items of expense incident to a trial which may be denominated costs, as well as the conditions prescribed under which they may be allowed to one party or another, are subject to legislative change and control in consonance with the provisions of the state constitution. (*Mont. Ore. Pur. Co. v. Boston & Montana C. C. & S. Min. Co.,* above.)

The appeal from the order refusing to disallow the defendants' costs is dismissed, and the judgment affirmed.

*Affirmed.*