### Estate of Calvin Shields, Rachel Shields and Henry S. Shields, executors, v. Nancy J. Michener.

#### Gen. No. 4,208.

1. TRANSCRIPT—*when, confers jurisdiction.* A transcript transmitted by the clerk of the County Court to the Circuit Court confers jurisdiction of the appeal, notwithstanding such transcript may certify to such court the original files of such County Court instead of copies thereof.

2. TRANSCRIPT—*jurisdiction of court to allow amendment of.* The Circuit Court has jurisdiction to permit the substitution of copies of the files of the County Court for the originals erroneously certified to it by the clerk of the County Court.

3. CONTINUANCE—*when refusal to grant, is not error.* The refusal of a motion for a continuance upon the ground that the transcript filed in the case was irregular, is not error, where the trial court indicated a willingness to grant a continuance if an affidavit setting up surprise were presented and no such affidavit is presented.

4. INSTRUCTION—*propriety of refusing incomplete.* It is proper to refuse an instruction which is incomplete in that a sentence thereof apparently breaks off in its middle.

Contest upon claim against deceased's estate. Appeal from the Circuit Court of Putnam County; the Hon. THEODORE N. GREEN, Judge, presiding. Heard in this court at the April term, 1903. Affirmed. Opinion filed March 14, 1904.

BARNES & MAGOON, for appellants.

JAMES E. TAYLOR and FRED T. BEERS, for appellee; McDOUGALL & CHAPMAN, of counsel.

MR. JUSTICE FARMER delivered the opinion of the court.

Calvin Shields, a farmer of Putnam county, Illinois, died testate. His will was admitted to probate in the County Court of said Putnam county, October 7, 1901, and Rachel Shields and Henry S. Shields were duly appointed and qualified as executors. September 15, 1902, Nancy J. Michener filed a claim in said County Court, against the estate of Calvin Shields, said claim being a promissory note purporting to have been signed by the testator and made payable to claimant. The executors objected to the allowance of the claim and denied the signature to the note under oath. A hearing was had in the County Court on the 28th day of November, 1902, at which both parties were present and participated, which hearing resulted in the claim being disallowed. Claimant appealed from the judgment of the County Court disallowing said claim, to the Circuit Court, where a trial was had on the third day of the March term, being the fourth day of the month, 1903. The trial was by jury and resulted in a verdict for claimant for $583.40, upon which the court after overruling the motion for a new trial rendered judgment, and this appeal is prosecuted by the executors from that judgment.

It is first insisted that the first transcript from the County Court filed in the Circuit Court, did not give that court jurisdiction to try the case at the March term, and that the court erroneously overruled appellants' motion for a continuance, based on the claim that there was no sufficient

transcript on file ten days before the first day of the term, and the principal part of appellants' argument is devoted to this proposition.

It appears from the record that there was filed in the Circuit Court on the fourth day of February, 1903, and more than ten days before the first day of the March term, at which the case was tried, what purported to be a transcript from the County Court. On the first day of the March term of the Circuit Court, appellants entered a limited appearance and moved to dismiss the appeal " and for reason, shows to the court the transcript and files herein." On the next day, and before the court had passed upon this motion, appellee asked " leave to withdraw the County Court files of the above entitled cause now on file in the office of the clerk of this court, for the purpose of replacing said files in the office of said County Court, in accordance with the statute in such case made and provided." On the same day, appellee also moved the court " for leave to file instanter an amended and complete transcript of record in the above entitled cause, certified from the County Court of said county, as and for a substitute for said imperfect transcript, heretofore filed herein." These motions were allowed, to which ruling of the court appellants excepted. We have read from the record the original and amended transcripts, and the only difference between them appears to have been that the clerk, instead of certifying copies of the papers and files to the Circuit Court as a part of the original transcript, sent up the originals. Said original transcript, after reciting the trial and judgment disallowing claim, and order for appeal, fixing bond, etc., contains this certificate of the clerk: "I, Charles Griener, clerk of the County Court, in and for said county, do hereby certify that the foregoing is a full, true, perfect, and complete transcript of the record in the foregoing entitled cause, now remaining in my office, and that the accompanying papers numbered from one (1) to twelve (12) are all the papers in said cause." What these papers were, numbered from one to twelve, does not directly appear from the record, but as the second transcript

showed the original papers of which it contained copies were on file in the County Court long before the date of the clerk's certificate to the first transcript, it is evident they were the original papers in the case in the County Court, and were the same papers of which copies were contained in the amended or second transcript filed after leave of the court had been given appellee to withdraw the originals. Appellants' counsel admit the second transcript filed was proper and sufficient, and as it is obvious from this record that the original transcript contained the original papers where the amended transcript contained copies, we are of opinion the Circuit Court had jurisdiction at the March term to try said cause, and that no error was committed in permitting copies to be substituted in the transcript for originals, and in overruling the motion to dismiss the appeal and also the motion to strike the amended transcript from the files. The Circuit Court having acquired jurisdiction to try the case at that term by the filing of said papers in apt time in conformity with the practice prescribed by the statute in cases of appeal from justices of the peace, could not lose that jurisdiction by the change that was afterwards made. Starr & C. Stat., par. 115, chap. 79; Darwin v. Jones, 82 Ill. 107; Horner v. Goe, 64 Ill. 178.

After the overruling of the before mentioned motions, appellants moved the court to continue the cause "for the reason that the transcript filed herein, which the court holds vests it with jurisdiction, was not filed within ten days before this term of this court." It does not appear from the record that the court held it was without jurisdiction until the amended transcript was filed; on the contrary, the court appears to have been of a different opinion. It appears from the bill of exceptions that the court stated to counsel, "It felt bound to deny the motion based on the ground set forth in said motion, and that if he was taken by surprise, and would assign such ground in support of his said motion to continue, and verify the same by affidavit, the court would be inclined to allow the motion and continue the cause," and offered to give counsel time

to prepare such affidavit. Whereupon counsel stated that he would abide by his said motion. This was practically an offer of the court to continue the case if appellants would say they would be prejudiced by being required to go to trial on the merits of the case at that time. This they declined to do, and we think the court properly overruled the motion to continue.

Complaint is made of the refusal of one instruction asked by appellants. The instruction is incomplete, apparently breaking off in the middle of a sentence, and was properly refused. It is insisted the verdict is contrary to, and not supported by, the preponderance of the evidence. We have read the testimony and do not feel that we would be justified in disturbing the verdict on that ground. Some of the appellee's witnesses testified positively, and some rather feebly, that the signature was that of Calvin Shields; the same is true also of the character of the testimony of witnesses for appellants. James Michener, a son of the claimant and nephew of the testator, testified for appellee, that he was present and saw his uncle, Calvin Shields, deliver the note to his mother. If this testimony is to be believed, and we see nothing in the record that would authorize us to discredit it, it would be immaterial whether Calvin Shields wrote his signature to the note or not. Upon this question our Supreme Court said, in Melvin, et al. v. Hodges, 71 Ill. 442, "By delivering the note with his signature affixed to it, he adopted the signature and bound himself by it, whether it was written by himself or some one else."

At the request of appellants, the trial court directed the clerk to certify the original note to us, which has been done. It is contended by appellants that an examination of the note will show the signature could not have been written by a man seventy-eight years old, which it is said was the age of the testator at the date of the note. We have examined it and are unable to say from the appearance of the signature, that it could not have been written by a man of the testator's age; but even if it were not his signature, or if we

should be of opinion that it is improbable a man of his age could have written the signature, under the testimony in this case, the authority above quoted disposes of that question.

We wish here to suggest that the proper party to certify an original paper is the trial judge, and not the clerk. Our present rule 15,.109 Ill. App. 667, adopted September 21, 1903, points out the proper practice, which we hope will be followed in such cases in the future.

The only other ground mentioned in appellants' brief upon which a reversal is asked, is that the claim upon which the judgment was rendered, was filed in the County Court subsequent to the term fixed for the adjustment of claims, and the judgment is against the executors for costs.    It appears from the record in this case that the claim was filed nearly a year after the will was admitted to probate, but when the time fixed for adjustment of claims was, does not appear.    It is admitted however by appellee, that the claim was not filed until after the term for the adjustment of claims had expired and it is conceded that the costs in the County Court should be taxed to appellee.

The judgment of the Circuit Court is affirmed, with the modification that appellee pay all costs of the proceedings and trial in the County Court, and that appellants pay all other costs.

*Affirmed.*