MUSIGBROD ET AL., RESPONDENTS, *v.* HARTFORD ET AL.,
APPELLANTS.

(No. 1.860.)

(Submitted April 19, 1904.   Decided April 21, 1904.)

*Appeal—Failure to Enter Judgment—Effect—Refusal of Costs
—Appeal from Order.*

1. Where a suit is dismissed pursuant to a compromise agreement, and defendants neglect to have a judgment for costs entered in their favor, there is no judgment from which they can appeal.
2. An order refusing to allow costs is not reviewable, except on appeal from the judgment.

*Appeal from District Court, Granite County; Welling Napton, Judge.*

ACTION by Peter S. Musigbrod and another against James Hartford and others.   From a judgment and order refusing defendants costs on a dismissal of the action, they appeal. Dismissed.

*Mr. J. K. Macdonald,* and *Mr. T. Bailey Lee,* for Appellants.

*Mr. D. M. Durfee,* for Respondents.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

On April 11, 1902, these respondents commenced an action against appellants to restrain them from interfering with certain water rights owned by respondents.   Upon the filing of the complaint, the court issued an order, directed to the appellants, to show cause why an injunction should not be granted as prayed for.   This order was made returnable April 29, 1902. On April 30th the appellants filed an answer which denied the allegations of the complaint, but contained no counterclaim and

asked for no affirmative relief. On the same day a compromise agreement was signed by the parties to the litigation, and on motion of respondents the action was "dismissed without prejudice." Appellants then filed a memorandum of costs, including therein witness fees and sheriff's fees for summoning witnesses for the hearing on the order to show cause, aggregating $201.50. On May 3d respondents moved the court to strike from the files such memorandum of costs, and on June 23d this motion was sustained. On August 14, 1902, appellants gave notice of an appeal from the judgment made and entered in the cause, and from the order of the court sustaining the motion to retax costs by striking the memorandum of costs from the files.

So far as this record discloses, no judgment was ever rendered or entered in the action. On the contrary, appellants, in their brief, say: "It is true no hearing was had, and no judgment was rendered in favor of defendants." Upon the dismissal of the action, appellants were doubtless entitled to a judgment for their costs; but, if they failed to have it entered, they are in no position to complain to this court. It is apparent, then, that there can be no appeal form the judgment, if no judgment was ever entered. Neither is there any appeal from the order of the court refusing to allow appellants costs. The costs are a part of the judgment, and all orders respecting the same are reviewable on the appeal from the judgment, and not otherwise. This has been determined so frequently by this court that it cannot now be considered open for argument. (*King* v. *Allen,* 29 Mont. 5, 73 Pac. 1107; *Spencer* v. *Mungus,* 28 Mont. 357, 72 Pac. 663; *Montana Ore Purchasing Co.* v. *Boston & Montana Consol. C. & S. Mining Co.,* 27 Mont. 288, 70 Pac. 1114; *Murray* v. *Northern Pacific Ry. Co.,* 26 Mont. 268, 67 Pac. 625.)

The appeals are dismissed.

*Dismissed.*