## McDONALD v. MULKEY

### (No. 1091—Decided Dec. 5, 1922; 210 Pac. 940)

APPEAL AND ERROR—RETAXING COSTS—CLERK'S CERTIFICATE OF JUDG- MENT ENTRY—REQUISITES OF JOURNAL ENTRY—JUDGMENT— CLERK'S CERTIFICATE AS EVIDENCE—CLERK'S CERTIFICATE ON AP- PEAL—AMENDMENT OF RECORD ON APPEAL—USE OF COPIES IN RECORD ON APPEAL:

1. Where a judgment was modified by an order retaxing costs, an appeal from the original judgment in which no complaint was made of the order will not be dismissed on ground that the appeal should have been from such judgment as modified by the order.

2. A record containing a form of judgment was not defective for failure of the journal itself to show the entry of the judgment in view of clerk's certificate that the judgment was duly entered on the journal of the court, it being presumed by the Supreme Court, under statute authorizing the clerk to certify that the journal entries are true and correct, that the clerk did his duty, and that such entry was actually made.

3. A journal entry of judgment should show the court, the term, and the date of entry.

4. The entry or record of a judgment is not void merely because it is not dated; the dating of the judgment being directory.

5. Generally the certificate of the clerk of the court is not evidence of any fact beyond that which the law requires him to certify.

6. Where the journal did not show date of entry of judgment, and the clerk, instead of supplying the date by a

simple statement of the fact in the journal, stated the date in the certificate attached to a certified copy of the journal entry constituting a part of the record on appeal, the failure of the journal to show date of entry of judgment is not a jurisdictional defect, but, in the absence of anything in the record proper contradicting it, and in the absence of a rule of the court to the contrary, the Supreme Court will take the certificate as stating the true date of the judgment entry.

7. A judgment prepared as a separate instrument signed by the judge will, if any filing is necessary, be presumed to have been filed from the fact of its entry on the journal.

8. The clerk's final certificate to the record on appeal reciting that record contained the ''verdict and other papers filed in the above entitled cause'' *held* sufficient to show the actual filing of the verdict.

9. A record on direct appeal cannot be amended, corrected, or in any manner changed by the appellate court.

10. The Supreme Court will not strike documents from the record on the ground that the record does not show that they were admitted in evidence, since the appellate court cannot correct, amend, or in any manner change the record, and, if the documents constitute no part thereof, they will not be considered by the court when the merits of the appeal are before it for determination.

11. The use of copies rather than of originals in a record on appeal, if a defect under Comp. St. 1920, § 6406, is a defect of form merely, and is not a jurisdictional defect.

12. Where counsel for respondent stated that copies of exhibits in the record might be treated as the originals, the appellate court will not send the record back for correction in order that the originals, instead of the copies, may be shown by the record.

Appeal from District Court, Goshen County; William C. Mentzer, *Judge.*

Action by John T. McDonald against H. G. Mulkey. Judgment for plaintiff, and defendant appeals. On motion to strike from the record and to dismiss appeal.

*Kinkead, Ellery & Henderson,* for the motion.

The record, at pages 202-215, purports to set forth an exhibit of documentary evidence not admitted in evidence on

the trial and should, therefore, be stricken out. The record
on appeal sets forth copies of exhibits introduced at the
trial; 6406 C. S. requires originals. (See pp. 216-222 and
225-250.) These should also be stricken out. The judg-
ment had not been entered at the time of serving notice of
appeal; thereafter the judgment was modified. The rule is
that the time of amendment or modification of judgment
is the date of the rendition thereof, in the present case,
January 6th, 1922, entered on the 9th day of January,
1922. No notice of appeal was filed after this date. (3 C.
J. 1059; Hewey v. Andrews, 159 Pac. 1149; Johnson v.
Forman, 56 N. E. 254; In re Potter's Estate, 74 Pac. 986;
Hays v. Water Co., 68 Pac. 704.)

Retaxation of costs is a modification of judgment.
(Spencer v. Mungus, 72 Pac. 663; Dobyns v. Trust Co., 98
N. Y. Supp. 748.) The record does not contain a certified
transcript of the journal entry of judgment. It is not
shown to be so certified. (Comm'rs. v. Shaffner, 10 Wyo.
181; Hahn v. Bank, 25 Wyo. 467; McGinnis v. Beatty, 26
Wyo. 409; Faulkner v. Faulkner, 27 Wyo. 62.) The rec-
ord does not show that the purported original verdict,
shown on page 253, was filed in the District Court, or, that
the judgment, shown on page 255, was filed in said court;
nor is it shown that the original judgment was filed. The
record does not contain original exhibits of the documen-
tary evidence as required by Section 6406 C. S. The
record does not contain a certified transcript or copies of
journal entries.

*M. A. Kline* and *C. A. Paige,* contra.

In support of the motion it is contended that the judgment
entered on the journal, on November 30th, 1921 was modi-
fied by an order retaxing costs, on January 6, 1922, which
latter date was the date of the judgment. Appellant is not
appealing from the order of January 6, 1922, for the reason
that it was in his favor. He is appealing from the judgment
of November 18, 1921 which was a final order. (5875 C. S.)

The statute, 5917 C. S. makes a distinction between a judgment and an allowance of costs. (Mak-saw-ba Club v. Coffin, 82 N. E. 461.) Pendency of a motion to vacate or modify a judgment does not relieve a party from appealing within the time fixed by statute, (3 C. J. 1504; Spotton v. Court, 171 Pac. 801; Railway Co. v. Kearns, 115 N. W. 340, 116 N. E. 432; Buzbee v. Morstorf, 182 Pac. 644.) Retaxation of costs does not alter the judgment, nor extend the time within which an appeal may be taken therefrom. (3 C. J. 1051; Wilson v. Palmer, 75 N. Y. 250; Hewitt v. City Mills, 136 N. Y. 211, 32 N. E. 768; Ost v. Salmanowitz, 104 N. Y. S. 849; Wadhams v. Allen, 45 Ore. 485, 78 Pac. 362; Lemmons v. Huber, 45 Ore. 282, 77 Pac. 836; Kearney v. C. S. P. & M. Ry. Co., 101 Minn. 65, 111 N. W. 923; Yates v. Burch, 87 N. Y. 409; Besser v. Alpena Cir. Judge, 119 N. W. 902; State ex rel. Pierson v. Millis, 48 Pac. 773; Comm. v. Caudill, 89 S. W. 535, 28 Ky. L. R. 520.)

The appeal here is from the judgment of November 18, 1921 which determined the rights of parties. (Parsons v. Parsons, 40 Utah 602, 122 Pac. 907; Custer v. Custer, 41 Utah 575, 126 Pac. 880; Schulze v. Oregon R. & N. Co., 84 Pac. 587; Chenoweth v. Chenoweth, 114 N. E. 988.) Even had the judgment been modified otherwise than as to costs, the appeal should be taken from the original judgment, the appeal period running from the date of such original judgment, unless the appeal be taken from the amended or modified portion of a judgment. (Snyder v. James, 2 Wyo. 252; Ala. C. & N. Co. v. State, 54 Ala. 36; Sav. & Loan Society v. Horton, 63 Cal. 310; Joyce v. Dickey, 104 Ind. 183, 3 N. E. 252; Burbank v. Rivers, 20 Nev. 159, 18 Pac. 753; Agassiz v. Kelleher, 11 Wash. 88, 39 Pac. 228; Leadbetter v. Laird, 45 Wis. 522; Schulze v. O. R. & N. Co., 41 Wash. 614, 84 Pac. 587; Gardner v. Pac. & E. Ry. Co., 121 Pac. 6; Cody v. Cody, 47 Utah 456, 154 Pac. 952; Chenoweth v. Chenoweth, 114 N. E. 988; Miller v. Prout, 187 Pac. 948; Chambers v. Jacobia, 79 N. W. 227.)

.The fifth, sixth and eighth reasons given for requesting this court to dismiss the appeal appear to be frivolous and without merit. The statute, 5900 C. S., requires judgment and orders to be entered on the journal. The certificate of the clerk shows that the judgment here was entered on the journal on November 30, 1921. This is sufficient. (Kendrick v. Healy, 26 Wyo. 261.) As to the verdict: the clerk certified as to its filing and that should be sufficient. As to copies of original exhibits: certain stipulations of counsel are to be found regarding them. The plain intent of the statutes makes a certified transcript of documentary evidence, introduced at the trial, sufficient for the purpose of appeal. As to the motion to strike portions of the record, defendant's exhibit No. 3 was offered in evidence on the trial, the court did not rule upon its admission or rejection, hence it stands in the same situation as other testimony, not ruled out. The statute provides that the transcript shall contain all testimony offered at the trial and this evidence was offered at the trial . Pages 216-222, inclusive, sought to be stricken out are a part of defendant's Exhibit No. 3 and the same reasoning applies thereto. Pages 225-250 are copies of stipulation and documentary exhibits annexed to the depositions, the originals of which could not well be filed in this court for reasons heretofore explained. '

Blume, Justice.

The case is pending here on a motion to strike and also on a motion to dismiss, both made by respondent. Appellant in turn filed a motion to send back the record to the lower court for correction, in case we should hold that necessary or proper as a consequence of our ruling on the motions of respondent. The reasons assigned in the latter motions will appear fully in the discussion that follows, and it is not necessary to set them out at length.

1. The judgment in the court below was rendered Nov. 18, 1921, and the costs taxed therein. Thereafter a

motion was filed to retax the costs. This motion was acted on January 6th, 1922, the costs were retaxed and the original judgment modified in that respect but in no other. Respondent now contends that the appeal herein should have been taken from the judgment as so modified on January 6th, 1922, by said order retaxing costs. But by that order the main judgment was in no way affected. It deals merely with the costs, an incident to the former, and no complaint is made of the action of the court thereon. While the original judgment may be said to have been, in a sense, modified, it would seem altogether illogical to say that an order of which no one complains should necessarily be the basis of an appeal in the case. At least the great weight of authority is, we think, to the contrary. (3 C. J. 1051; Wadhams v. Allen, 45 Or. 485, 78 Pac. 362. See also School District v. Western Tube Co., 13 Wyo. 304, 329.) Some of the cases cited by counsel for respondent appear not to be in point. In Spencer v. Mengus, 28 Mont. 357, 72 Pac. 663, the only error assigned was the action of the lower court in allowing costs. In the case of In re Potter's Estate, 141 Cal. 350, 74 Pac. 986, it would seem, though it is not clear, that error was predicated, among other things, on the allowance of costs. That is not true here.

2.    In the record appears a form of judgment. No date appears thereon, nor does it appear therefrom that it was entered of record below. Attached to the copy in the record here is a certificate of the clerk showing it to be a true and correct copy of "that certain journal entry entitled 'judgment for plaintiff on the verdict rendered in the district court of Goshen County, Wyoming, on the 18th day of November, A. D. 1921, which said judgment was duly entered on the journal of the District Court of Goshen County, Wyoming, on the 30th day of November, 1921, and is recorded in Book 3 on page 155 thereof.' " The final certificate attached to the whole record contains the same statement of facts in somewhat different form.

Respondent contends that the journal itself of the lower court must show the entry of the judgment as well as the date thereof; and that these facts cannot be supplied by the certificate of the clerk. The statute authorizes the clerk to certify that the journal entries are true and correct. He cannot do so, unless the entry has actually been made, and when he executes a certificate authorized by law, certifying a journal entry, we think we should presume that he has done his duty and that such entry has actually been made. This presumption of actual entry on the journal necessarily follows, we think, from the certificate made pursuant to statutory authority, and, hence, no question arises that the clerk cannot certify anything which he is not authorized to do by statute. We think, accordingly, that the entry of the judgment herein is sufficiently shown by the record herein. (See Harden v. Card, 14 Wyo. 479, 497.)

No such presumption, of course, can arise from such certificate as to the date of the journal entry, and unless such date is sufficiently supplied by the certificate of the clerk, it is not shown by the record in this court. The date must appear in order that we can determine whether or not the appeal has been taken and perfected in time. We must concur with counsel for respondent at least insofar that we cannot commend the form of the journal entry herein. The court, the term, the date should appear, and a formula as to the proceedings of each day something like the following: "The following proceedings were had and done on this date and entered of record, to-wit:" But whether or not the absence of the date in the journal entry herein is fatal, as contended by counsel for respondent, is another matter. It is material herein only for the purpose above mentioned. The entry or record of a judgment is not void merely because it is not dated. (23 Cyc. 849.) The dating of the judgment is simply directory to the clerk and may be corrected at any time. (Clark v. Molton, 19 S. C. 509.) It is no doubt true that, as a general rule,

the clerk's certificate is not evidence of any fact beyond that which the law requires him to certify. (Rund Mfg. Co. v. Laedrich, (Mo. App.) 214 S. W. 239.) Many cases have held that the clerk's certificate cannot supply a defect which should appear in the record proper, but these cases generally deal with facts the showing of which was not peculiarly within the province of the clerk. We have found no case, similar in its facts to the case at bar, where the court has upheld the contention of counsel for respondent. Several cases, on the other hand, have impliedly at least, given force and effect to certificates of the clerk as to facts the showing of which was peculiarly within the latter's province. (Morrison v. Gosnell, 76 Nebr. 539, 107 N. W. 753.) The case of In Re Getchel's Estate, 98 Nebr. 788, 154 N. W. 537, recognizes the Morrison case as authority that the date of the journal entry may be shown by the certificate of the clerk where it does not contradict the record proper. (See also Atchinson etc. R. Co. v. Young, 3 Ind. Terr. 60, 53 S. W. 481.) In Harden v. Card, 14 Wyo. 479, 497, it was held that it is necessary that a bill should be filed after the allowance and signing thereof. The record proper did not show such filing, but it was held that it was sufficiently shown by the date of the certificate of the clerk wherein he certified to the record. So, too, in Kendrick v. Healy, 26 Wyo. 261, while the point in question here was not directly involved, the court said of a certificate similar to the one attached to the record in this case:

"This certificate shows as fully as possible that the identical paper is a true copy of the entry on the journal and the date of the entry."

The judgment itself, as we have seen, did not necessarily have to be dated. Had the date thereof, and the date of the entry been supplied, as it should have been, it would have been supplied by the clerk by a simple statement of the fact in the journal. Instead of doing so in the journal he has done so in the certificate attached to a certified copy

of the journal entry, and which, in a sense at least, is a part of the record herein, since the latter would not be complete without it. It is here, in other words, not so much a question of authority of the clerk to act, as it is whether the fact which he is authorized to state should appear in one place of the record rather than in another. We cannot accordingly hold the defect herein one that is jurisdictional, but one of form only, and in the absence of anything in the record proper contradicting it, and in the absence of a rule of court to the contrary, we shall take the certificate of the clerk as stating the true date of the judgment entry.

3. Respondent moves that the case be dismissed for the reason that it does not appear that the paper purporting to be the final judgment or the verdict returned were ever filed. No filing mark appears on these papers. The judgment, however, when in the form as appears in the record, prepared as a separate instrument signed by the judge, will, if any filing is necessary, be presumed to have been filed from the fact of its entry on the journal. As to the verdict, the clerk's final certificate to the record recites that it contains the "verdict and other papers filed in the above entitled cause." Under the holding of Harden v. Card, supra, we must hold this sufficient as showing the actual filing thereof.

4. There are in the record certain documents which were offered in evidence, but it does not appear that they were ever admitted. Respondent moves that these be stricken from the record. This court has held that a bill of exceptions cannot be amended, corrected or in any manner changed by the appellate court. (Hall Oil Co. v. Barquin, 28 Wyo. 151, 201 Pac. 160.) The same rule should apply to the record on direct appeal. To strike out certain portions of the record is but a form of amendment or correction. If the matters to which counsel object form no part of the record, they will not be considered by the court

when the merits of the appeal are before us for determination. (Sutton v. Symons, 97 Cal. 475, 32 Pac. 588.)

5.   Certain exhibits were introduced in evidence and appear in the record as part of, and attached to the transcript of the evidence. The certificate of the court reporter states that these are "the exhibits offered, introduced and admitted in the trial of said cause;" the certificate of the clerk states that they are the original exhibits offered or received in evidence. From an inspection of the record these exhibits appear to be copies and coun-, sel for appellant admits them to be such. We shall not, therefore, inquire to what extent we shall treat the record as a verity. The respondent moves that these exhibits be stricken from the record, and further, that the case be dismissed because it appears that the record is not complete, since Section 6406 of the statute requires the originals of the exhibits offered and introduced in evidence to be embodied in the record. What we have heretofore said as to a motion to strike applies to the motion to strike the foregoing exhibits, and we pass, therefore, to the consideration of the motion to dismiss. The statute does not expressly require that the "original" exhibits shall be embodied in the record. It is left somewhat doubtful as to whether or not copies would suffice. Courts generally hold that in the absence of an express statute, copies and not the originals should be used, except only where the latter are necessary for certain purposes. (4 C. J. 432. See an able discussion of this subject in Brotherhood Acc. Co. v. Notter, 67 O. S. 413; 66 N. E. 528.) In view of the statements of counsel on the oral argument of this case, hereafter shown, we think we are not called on to decide this question and we prefer to leave it open for future determination. A motion has been made by appellant that the record be sent back to the lower court for correction in case we should hold that the original exhibits rather than the copies thereof should appear in the record. Now, in

Shields v. Michener, 113 Ill. App. 18, it was held that where the record contained the original documents rather than copies as contemplated by statute the court, on appeal, obtained, nevertheless, jurisdiction of the cause. The converse of this should be true also. So in McDonald v. Farrell, 60 Ia. 335, 14 N. W. 318, it was held that an objection against the use of copies, rather than original documents, must be made timely, or the defect is waived. These cases clearly show that the use of copies rather than of original documents is, at most, a defect, not jurisdictional, but of form only, and hence we would, under the showing made in this case, sustain the motion to send the record back for correction, if necessary. (4 C. J. 492.) Now, counsel for respondent stated in their oral argument that in case we should hold the record amendable, they would agree that it would not be necessary to send back the record, but that they would agree that the copies of exhibits in the record might be treated as the originals. This obviates the necessity of passing on the question as to whether or not the original exhibits rather than copies should have been used.

The motions of respondent are accordingly overruled.

Kimball, J., and Burgess, District Judge, concur, the latter sitting in place of Potter, Ch. J., who, being ill, could not sit.