OBERMIER, FREIDLANDER & CO. v. CORE, THOMPSON & CO.

SPECIAL VERDICT. Where the issue arising on an interplea is submitted to the court, the finding of facts by the court is in the nature of a *special· verdict*, and conclusive as to the facts.

MOTION FOR A NEW TRIAL. In such a case the court will not review the evidence unless a *motion* for a new trial was made in the court below.

VENDOR'S LIEN. A vendor of *personal property*, relinquishing possession, reserves no lien for purchase money.

A written instrument (which is not a mortgage) is inadmissible as evidence of such lien.

EVIDENCE. In a suit by attachment, where the claimant of the personal property attached interpleads, claiming under a sale to him by the defendant, before the suit was brought, a written instrument, evidencing a prior sale of the same property by him to the defendant, is *admissible*, as tending to show the subsequent sale to him.

UNOFFICIAL CERTIFICATE. A certificate by a sheriff, setting forth the performance of acts not in the *line of his official duty*, is not admissible as evidence.

*Instructions* to the jury, founded upon hypothetical facts differing from the case at bar, are rightfully refused.

Appeal from Pulaski Circuit Court.

Hon. JOHN WHYTOCK, Circuit Judge.

YONLEY and GALLAGHER & NEWTON, for appellants.

GARLAND & NASH, for appellees.

HARRISON, J.

Obermier, Freidlander & Co. brought suit by attachment against William Wurtzburger, and the writ was levied on a stock of goods. Core, Thompson & Co. claimed the goods, and filed an interplea, setting up their title; to which issue was taken. The plaintiffs recovered judgment against the defendant, and the issue upon the interplea being submitted to the court, sitting as a jury, it found, as the facts proved, that the defendant, on the day preceding the levy of the attachment, transferred and delivered the goods in controversy to the plaintiffs, in part payment of a debt which he owed them, and rendered judgment in favor of the claimants.

From this judgment, upon the interplea, the plaintiffs, without moving for a new trial, appealed.

The declaration of facts found by the court, is in the nature of a special verdict, and conclusive as to the facts of the case. The Real Estate Bank v. Rawdon, et al., 5 Ark., 588; Hyde & Gleises v. Booramem & Co., 16 Pet., 169; Sawlet v. Shepherd, 4 Wallace, 502; Craig, et al., v. The State of Missouri, 4 Pet., 426. But, if there had been no such declaration of facts, this court would not, as there was no motion for a new trial, review the evidence, and pass upon its sufficiency to sustain the finding of the court, as it has repeatedly held.

The facts thus established prove beyond question the claimants' title to the goods in controversy. But it is urged that incompetent evidence was admitted. The plaintiffs objected to the admission of the following instrument of writing, offered by the claimants:

"LITTLE ROCK, December 2, 1864.

"By virtue of agreement and sale, made this day by Core, Thompson & Co., of Little Rock, to Wm. Wurtzburger, of the same city, and State of Arkansas, the value of stock and merchandize is fixed and agreed upon $8,022$\frac{33}{100}$, and for which the said Wm. Wurtzburger has executed his promissory note

to Core, Thompson & Co., at two months, from December 2, 1864, for $4,011$\frac{16}{100}$, and at three months, from December 2, 1864, for $4,011$\frac{17}{100}$, making, as above, the whole value, $8,022$\frac{33}{100}$. It is definitely understood and agreed upon, between the contracting parties hereto, that, if the said William Wurtzburger fail to pay either of said described notes at the maturity thereof, the whole debt shall become due and payable, and the stock of merchandize in store, and the property of William Wurtzburger, shall be sold for cash, until the full and complete satisfaction of above described notes be had. It is further agreed that all expenses arising from the execution of this *lièn*, in case the notes are not paid at maturity, shall be charged to and borne by William Wurtzburger.

"Witness our hands and seals, this 2d day of December, 1864.

"CORE, THOMPSON & CO.

"WILLIAM WURTZBURGER.

"Witnesses:

      "F. S. WILLIAMS.

      "WM. B. MORRIS."

As evidence of a lien, or charge upon the goods, the instrument of writing was clearly inadmissible. When a vendor relinquishes his possession of goods sold, he loses his lien for the price, and no lien can be created upon personal property in favor of a person not in possession, actual or constructive, except by a mortgage, which this instrument has none of the characteristics of. But, taken in connection with other proof in the case, it tended to prove that, at the time the goods were attached, they had been assigned to the claimants, and the defendant was not the owner of them, and its admission therefore proper.

They also objected to the admission of the following indorsement upon the instrument:

"This is to certify that on the 30th day of March, 1866, I did take possession of the store-house situated on Main street, known as the store of William Wurtzburger, and all the goods

therein, and placed Bingham in charge of the same, to account to me for the same when called for. This is done in pursuance of the within agreement.

"J. R. R. ADAMS, Sheriff."

As the proceeding of Adams, in taking possession of the goods, does not appear to have been in the execution of any writ or process, and in the discharge of his official duty, his certificate or statement concerning it, though made as in his official capacity, had no more validity as evidence than if made by any other person, and was nothing better than hearsay, and should have been excluded. Yet, inasmuch as the bill of exceptions shows that Adams himself was produced as a witness, and testified to the same facts, its admission could have had no influence upon the finding of the court, and is not, therefore, such error as would reverse its judgment. *Clinton v. Estes,* 20 *Ark.,* 216.

The plaintiffs also excepted to the refusal of the court to declare certain conclusions of law asked by them.

As each of such proposed conclusions was founded upon a hypothesis of facts altogether different from those found by the court, they were irrelevant, and for that cause rightfully refused.

Judgment affirmed.