## STATE v. FLAGSTAD.

As Pol. Code, § 2836, requires the treasurer, in receiving liquor license money, to receive such sum as will pay the license for the full time from the first day of the month when such license is paid up to the 30th day of June thereafter, the treasurer has no right to accept license money for a period ending December 31st, which being true, and the presumption being that he performed his duty— and it being admitted that accused did in July pay the treasurer license money—the legal presumption would be that he paid the full amount for the period ending June 30th, and the evidence to overcome such presumption should be very clear.

Pol. Code, § 875, directing the county treasurer to keep accounts of all moneys received, being the only provision requiring a record to be kept of the payment of liquor license money, and there being

no provision authorizing the keeping of a stub book from the stubs in which the notices of payment of license required to be given to the party paying were detached, a stub in such book was inadmissible to show the period for which license money was paid.

Where a stub for $200 in a book in the county treasurer's office, from which the notice of payment of liquor license required to be given to the party paying had been detached, did not purport to give the period for which the license was to issue, if any inference was to be drawn therefrom, it was that the money was received to cover that portion of the year for which the treasurer had a right to receive it, which period would be the last six months of the license year, ending June 30th, notwithstanding such stub was dated July 14th previous.

Pol. Code, § 2842, requiring the county treasurer to make a monthly report to the auditor of liquor license money received, being the only record required to be filed in the auditor's office, and there being no provision requiring the filing with the auditor of a duplicate of the receipt issued by the treasurer to the person paying the license, such a duplicate was inadmissible to show the period for which license money was paid.

(Opinion filed, April 26, 1910.)

Appeal from Circuit Court, Day County. Hon. FRANK Mc-NULTY, Judge.

Julius Flagstad was convicted of selling intoxicating liquor without having obtained a license, and he appeals from the conviction and an order denying a new trial. Reversed.

*Sears & Potter,* for appellant. *S. W. Clark, Atty. Gen., C. D. Sterling, Asst. Atty. Gen.,* and *Frank Anderson, State's Atty.,* for the State.

WHITING, P. J. The defendant was tried in the circuit court upon an information charging him with the crime of selling intoxicating liquors at retail without securing a license so to do as required by the statute. Upon such trial the defendant was convicted, and, he having moved for a new trial and the same being denied, he has appealed to this court from judgment of conviction and the order denying a new trial.

The only issue of fact upon the trial seems to have been as to whether or not the defendant had paid the license fee, and had received from the county treasurer the proper permit and receipt authorizing him to sell liquor from January 1, 1907, to June 30, 1907, it being conceded by the defendant that he was maintaining

a saloon and selling intoxicating liquors at retail during the month of March, 1907; that being the time charged in the information. It is conceded by the state that the appellant did, in July, 1906, pay certain license money into the office of the county treasurer, but it is claimed that it was to cover, and did cover, only the money required for a license for a period ending December 31, 1906, while it is the claim of the appellant that, instead of paying the license charged up to December 31, 1906, he paid it for the period ending June 30, 1907. The questions raised on this appeal relate solely to the rulings of the court admitting certain evidence offered by the state over the objection of the appellant, which evidence was offered for the purpose of proving that the appellant paid license only to December 31, 1906. Section 2836 of the Revised Political Code of this state, being one of the sections of the so-called "intoxicating liquor law," provides in clear and unambiguous language that the treasurer, in receiving license money, shall receive such sum as will pay the license fee for the full time from the first day of the month when such license fee is paid, up to and including the 30th day of June thereafter, and the treasurer has no right under said statute to accept license money (as it is claimed by the state was done in this case) for a period ending December 31st. That being true, and the presumption being that the treasurer performed his duty as it is directed by such statute—it being conceded that defendant did in July, 1906, pay the treasurer license money for the privilege of selling intoxicating liquors at retail—the legal presumption would be that he paid the full amount required for the period ending June 30, 1907, and the evidence to overcome such persumption should have been very clear.

This trial was had in the year 1909. The state called as a witness the then deputy treasurer, who testified that she had been such deputy treasurer for quite a number of years, but admitted that she was not in such office during the period from July 1, 1906, to June 30, 1907. Over the objections interposed, she was allowed to testify as to the custom in said office pertaining to the records kept concerning the payment of license fees, she admitting, however, she had no knowledge of the custom while she was not

in such office, save and except what appeared from the records to be found therein. She testified that the only record kept in said office regarding the payment of license money and issuance of permits was the record kept upon a stub, from which stub the notice of payment of license required to be given to the party paying was detached. Over proper objections, she was allowed to testify as to her conclusions drawn from such records on the point as to whether or not appellant had paid license money for the period in question, and finally, over proper objections, the said stub was offered and received in evidence. The stub was in words and figures as follows: "No. 150. $200.00. Date, July 14, 1906. License issued to Julius Flagstad, authorizing the sale of intoxicating liquors at retail in building situated on Lot......, Block......, Enemy Swim Lake, of Waubay, in the county of Day and state of South Dakota, from the......day of......190.., to the......day of......, 190.. .........., County Treasurer, ............, Deputy." The rulings of the court allowing such exhibit in evidence, and allowing the witness to state her conclusions therefrom, were clearly erroneous. An examination of our statute shows that there is absolutely no provision authorizing or directing the keeping of such a record as the said exhibit, and therefore, under the rule recently laid down by this court in the case of Davis v. Davis, 23 S. D. 474, 124 N. W. 715, the said record was inadmissible for any purpose. It will be understood that this holding would, in no manner, prevent the party who filled out such stub from using the same as a memorandum from which to refresh his recollection, but that was not the use attempted to be made of it in this case. Moreover, an examination of such exhibit shows that it does not purport to give the period for which license was to issue, and although it is dated July 14, 1906, if any presumption or inference was to be drawn therefrom, it certainly should be that such money was received to cover that portion of the year for which the treasurer had a right to receive the said payment of $200 stated in such exhibit, which period would be the last six months of said license year, being the six months ending June 30, 1907.

Over proper objections interposed by the appellant, the state was allowed to introduce the testimony of the then county auditor, who identified a certain exhibit, and testified that it was a duplicate receipt for the payment of license money, and was filed in his office by the treasurer. He further testified, over objection, that the treasurer did file in his office the duplicate of the receipts for the payment of license money, and that said exhibit was the last receipt filed in his office issued to the appellant herein; then, over objection, such exhibit was offered and received in evidence. It was, in form, such a receipt as should have been issued by the treasurer to the appellant, and purported to be a receipt for license money received for a license to sell liquors during a period ending December 31, 1906. The rulings of the court in relation to the evidence concerning this receipt and its introduction in evidence were clearly erroneous under the ruling in the case of Davis v. Davis, supra, there being no provision in our law requiring the filing of any such duplicate receipt in the office of the county auditor; and, while this receipt might have been received in evidence in absence of the best evidence, towit, the receipt which the statute requires the treasurer to give to the party paying such license money, yet it could only have been so received after proper foundation was laid by the evidence of a qualified witness, and in this case no attempt was made to lay such foundation.

The evidence of the two witnesses above referred to, and of the said exhibits, was practically the entire evidence of the state sustaining the claim that the appellant did not have a license at the time of the alleged sale, and the said errors of the court in admitting such evidence were clearly prejudicial. The statute of this state, in section 875, Rev. Pol. Code, directing the treasurer to keep accounts of all moneys received, appears to be the only record required by law to be kept in the treasurer's office concerning the payment of license money; while the only record to be filed in the auditor's office is the monthly report of the treasurer provided for by section 2842, Rev. Pol. Code, being one of the sections of said intoxicating liquor law.

The judgment of the trial court and the order denying a new trial are reversed.