## Creech v. Brock.

(Decided September 24, 1914.)

### Appeal from Harlan Circuit Court.

1. Appeal—Filing Motion in Vacation.—A motion filed in the clerk's office during vacation on due notice will be treated as though entered in court on that day.
2. Evidence—When Certificate by Officer Not Competent.—A certificate by an officer as to a fact which he is not authorized by law to certify, is not competent as evidence.
3. Appeal—Filing Transcript in Election Contest.—In an election contest case this court has power in its discretion to extend the time for filing the transcript.
4. Appeal—Filing Transcript—Motion for Extension of Time.—To warrant an extension of the time for filing the transcript, the appellant must show that it was impracticable for him to obtain the transcript and that he used due diligence to obtain it; and only such additional time as may be necessary to complete the transcript will be allowed.
5. Appeal—Filing of Transcript.—A proper showing not being made, the motion for an extension of time will be overruled.

HALL & BOWLING and ACREE & STEWART for appellant.

G. A. EVERSOLE, J. S. FORESTER and H. M. BROCK for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON— Dismissing appeal.

The statute regulating appeals to this court in contested election cases provides:

"Either party may appeal from the judgment of the circuit court to the Court of Appeals by giving bond to

the clerk of the circuit court, with good surety, conditioned for the payment of all costs and damages the other party may sustain by reason of the appeal and by filing the record in the clerk's office of the Court of Appeals, within thirty days after final judgment in the circuit court. And in the Court of Appeals the case shall be heard and determined as speedily as possible, and shall have precedence over all other cases." (Section 1596a, Sub-sec. 12, Kentucky Statutes.)

Construing this statute in Krinn v. Helmbold, 113 Ky., 759, where the transcript was not filed, and the supersedeas bond was not executed in thirty days, and the time had not been extended, the court, sustaining a motion to dismiss the appeal, said:

"It seems to us that the act in question is mandatory, and that, unless the appellant complies with the statute, he can not prosecute an appeal from the judgment of the circuit court. It seems to us that the transcript must be filed within the time prescribed by law in order to confer jurisdiction upon this court to hear and determine the matter. We have examined with care the brief of appellant, but deem it unnecessary to discuss the authorities cited, as in our opinion they have no application to the question under consideration. It results from the foregoing that the motion to dismiss the appeal must be sustained."

Again in Lykins v. Steele, 25 R., 536, upon a similar motion we said:

"Both of these requirements are conditions upon the fulfillment of which depend the jurisdiction of this court upon the appeal."

This is an election contest case involving the office of county judge of Harlan County. Judgment was rendered in the circuit court on June 17, 1914, setting aside the election. Creech was on that day granted an appeal and duly executed a supersedeas bond. On July 8th he filed in the clerk's office of this court a motion to extend the period of time ninety days for filing the transcript in this court, and in support of the motion he filed his affidavit as follows:

"The affiant and contestee, John A. Creech, says that the above styled case in the Harlan Circuit Court, was and is an election contest case, over the office of County Judge of Harlan County; that the record, to include the pleadings, the evidence, exhibits, orders and

final judgment, will amount to something over 1,400 pages of closely made type written matter, and it will be impossible as he believes to obtain a transcript of the record and prepare and file the appeal of this case in the clerk's office of the Court of Appeals within thirty days from the rendition of the final judgment."

Rule 12 of the court is in these words:

"Except motions to extend the time for filing petitions for rehearing a motion filed in the clerk's office on reasonable notice to the adverse party or his attorney of record during vacation, will be treated as made in court on that day, and will be considered by the court on the first day of its next session."

In Bennett v. Commonwealth, 150 Ky., 604, where the defendant in a felony case had filed a similar motion in vacation, we said:

"It has been the long established custom of the court to treat such an application made in vacation as sufficient to maintain the status quo until the court, duly in session, shall have had opportunity to pass upon the motion. We see no reason to depart from the just custom."

On the 19th day of August, the appellee filed with the clerk a motion to dismiss the appeal, and also entered his objection to the motion for an extension of time to file the transcript. In support of his objection to the extension of the time, he also filed this certificate by the clerk of the circuit court:

"I further certify that a transcript of the record in this case has never been called for by either party and that said record could have been copied in the time fixed by law for filing transcripts in such cases if directed by either party."

The pending motions have been submitted on this showing.

Under the rule and the long established practice of the court, the motion of the appellant for an extension of time entered during a vacation of the court, must be treated as made in court on that day. A certificate by an officer as to a fact which he is by law authorized to certify, is evidence; but a certificate by him as to other facts is no more competent as evidence than a similar certificate from a private person. The certificate of the clerk not relating to a matter which he is authorized by law to certify, cannot therefore be considered. His af-

fidavit should have been filed. The case, therefore, presents two questions: First, has this court power under the statute to extend the time for filing the transcript? Second, do the facts shown by appellant's affidavit warrant the extension of time?

1. *As to the power of the court.* The statute requires the contestee to file his answer within twenty days after the service of the summons upon him, and provides that a reply may be filed within ten days after the answer is filed. (Subsection 12, section 1596a, Kentucky Statutes.) Holding that the court might in its discretion permit a pleading to be filed after the time allowed by the statute, this court in Powell v. Horn, 159 Ky., 532, said:

"The Legislature, in providing for the contest of elections, recognized the importance of having this class of cases speedily disposed of, and the liberal rules of pleading that obtain in ordinary cases should not be applied to contested election suits. These contested election cases have been put by the statute in a class by themselves, and all of the statutory requirements in respect to them must be substantially complied with; but notwithstanding the mandatory nature of the statute, this court has never committed itself to the doctrine that it is indispensable in every case and under all circumstances that the answer and reply shall be filed within the statutory time, or to the doctrine that no excuse, however reasonable or sufficient it may be, will operate to extend the time within which these pleadings may be filed. It has, however, decided in effect, and we think correctly, that when an answer or reply is offered to be filed after the statutory period has expired, it should be accompanied by affidavits or other proofs showing good reasons why the pleading was not filed in proper time, for unless a good excuse is shown the statute is peremptory and must be complied with. If, however, the answer or reply is filed very soon after it is due, and it affirmatively appears that a good excuse for the delay existed, arising out of unusual or extraordinary conditions appearing in the record as in this case, or due to accident or surprise which ordinary prudence could not have guarded against, or resulting from unavoidable casualty or misfortune, and also that the substantial rights of the adverse party were not prejudiced by the delay, we think the matter of allowing or refusing to

permit the pleading to be filed is within the sound discretion of the trial court. But nothing short of an excuse resting on one of these grounds will be available or deemed sufficient to avoid the statute.''

The language of the statute as to the filing of the pleadings and as to the filing of the transcript in a certain time, is practically the same, and we see no reason why the rule announced as to the filing of the pleadings should not be applied to an extension of the time for the filing of the transcript. When from the size of the record or some misfortune or casualty it is utterly impossible to obtain and file a transcript within thirty days, justice would be defeated if no extension of the time could be allowed. The purpose of the statute is not to defeat justice but to secure a speedy determination of the case. It provides for a judicial decision of the controversy, and the judicial proceeding must be subject to the control of the court, in the absence of something in the statute denying this power. If we held otherwise the purpose of the statute in allowing an appeal to this court would be defeated in all cases where it was for any cause impracticable to file the transcript within thirty days. We, therefore, conclude that the court may for sufficient cause extend the time for filing the transcript.

2. *As to the facts shown.* No evidence is offered to obtain an extension of the time except the affidavit of the appellant to the effect that the record will amount to something over 1,400 pages, and that it will be impossible, as he believes, to obtain a transcript of the record and prepare and file the appeal of the case in the clerk's office within thirty days from the rendition of the final judgment. He does not show that he applied to the clerk to make the transcript and that the clerk was unable to furnish it in time. Although the record is long, several persons might do the copying of different parts of it at the same time; and the affidavit only shows that the affiant believes it will be impossible to obtain the transcript in time. His belief on the subject without the facts on which that belief is based, is insufficient. In a case of this sort, the appellant should show that he promptly directed the clerk to copy the record, and should state facts showing that he has used proper diligence to secure a transcript in the time allowed, and will be unable to obtain it. If the transcript has been partially made and may be completed in a reasonable

time, such additional time as may be necessary to complete the transcript will be allowed where proper diligence has been used; but in no case will the appellant be allowed to take no steps to secure a transcript and then ask an extension of time for filing it. In this case it does not appear that the appellant did anything until July 8, when he filed in this court a motion to extend the time ninety days. To sanction such a practice would be entirely to defeat the purpose of the statute.

When the record is so large that it is impracticable for the clerk to make the transcript in time for it to be filed here within thirty days after the rendition of the judgment, and an extension of time is desired, the appellant should file with his motion for an extension of time a partial transcript containing so much of the record as the clerk has copied, and ask an extension of time for the completion of the transcript. In this way the case can be docketed and set for hearing, and in the meantime the transcript may be completed, so that the trial of the case will not be delayed and injustice to either party will be avoided. In this case if appellant's motion was sustained the case would go over beyond the November election without anything being done, and in the meantime appellant would continue in office, as no election could be held in November during the pendency of the appeal. On the contrary, if appellant had promptly ordered the transcript, and any sort of diligence had been used in making it out, it could certainly have been completed by the first day of this term and the case might have been ready for submission when the court met.

The motion to extend the time for filing the transcript is overruled, and the motion to dismiss the appeal is sustained.

Appeal dismissed.