## Middleton v. Commonwealth.

(Decided February 24, 1920.)

### Appeal from Knox Circuit Court.

Appeal and Error—Transcript—Time to File.—Under section 336 of Criminal Code the transcript must be filed in the clerk's office of this court within sixty days, unless further time is given by the court, but if within the sixty days, the motion for time accompanied by sufficient reasons is filed in the clerk's office of this court, it will have the same effect as if filed in court on that day, and may be acted on when the court is in session.

B. B. GOLDEN, attorney for motion.

OPINION OF THE COURT BY CHIEF JUSTICE CARROLL— On motion for time to file transcript.

At the November term, 1919, and on December 16th, there was a judgment in the Knox circuit court sentencing John Middleton to confinement in the state penitentiary for a period of twenty-one years.

On February 14, 1919, counsel for Middleton filed in the clerk's office, of this court, a copy of the judgment and also a motion in writing to extend the time for filing the transcript of the record in this court to April 8, 1920. In support of this motion, B. B. Golden, the attorney for Middleton, filed at the same time his affidavit setting forth sufficient reasons why the transcript could not be filed before that time.

Section 336, subsection 3, of the Criminal Code, provides that in felony cases "the appeal is taken by lodging in the clerk's office of the Court of Appeals within sixty days after the judgment, a certified transcript of the record." It has also been frequently written that if the transcript is not filed within the sixty days, this court has no jurisdiction of the appeal, unless before the

expiration of the sixty days this court extends the time for filing the transcript, which it may do upon motion supported by sufficient grounds, if the motion is made within the sixty days.

It was also written in Bennett v. Commonwealth, 150 Ky. 604, that when the court is in vacation, a motion for an extension of time, supported by a sufficient affidavit filed in the clerk's office of this court within the sixty days, will have the same effect as if filed in court as of the day it was filed in the clerk's office, and that when the court convenes the motion may be considered and disposed of. To the same effect is Creech v. Brock, 159 Ky. 739.

When this motion was made in the clerk's office, the court was not in vacation, but neither was it in session. It is only in session during term time two days in each week; but we see no reason why the same rule of practice should not be applied in this case as would be applied if the court was in vacation. The Code gives the appellant sixty days in which to file the transcript and the same length of time in which to ask the court for an extension of time, and if the court, although in term time, should not be in session when the appellant desires to make his motion for an extension of time, the filing of a copy of the judgment, the motion and a sufficient affidavit in the clerk's office of this court within the sixty days will be treated as if it was filed in court and a motion made in court on the day the motion is filed in the clerk's office.

The appellant is given until April 8th, 1920, to file a transcript of record in this court.