## WYOMING AUTOMOTIVE COMPANY v. WEISFLOG

(No. 1834; March 13, 1934; 30 Pac. (2d) 490)

(Motion for leave to amend denied, April 20, 1934; 31 Pac. (2d) 679)

The cause was submitted for the plaintiff and appellant on the brief of *A. C. Allen* of Riverton, and for the defendant and respondent on the brief of *Harry S. Harnsberger* of Lander.

RINER, Justice.

This cause is undertaken to be brought here by the direct appeal method of review procedure. Unfortunately, the statute controlling the matter of this court's acquiring jurisdiction of the case, apparently has not been obeyed. The judgment sought to be reviewed was entered April 17, 1933. On April 20, three days later, the Wyoming Automotive Company filed its notice of appeal but there is nothing in the record to show service of the notice. More than 14 years ago, in Culbertson v. Ainsworth, 26 Wyo. 214, 181 Pac. 418, this court, speaking concerning this requirement of the statute (now Wyo. Rev. St. 1931, 89-4902), said:

"But the service of the notice within the time prescribed therefor after the entry of the judgment or order appealed from is also essential to give this court jurisdiction, if, indeed, service of the notice is not the principal act required to be done within the prescribed time in taking the appeal. The language of the statute is that an appeal must be taken by serving a notice in writing to such effect, etc., and, that 'said notice' shall be filed within said ten days. Clearly, therefore, the

notice must be served within ten days from the entry of the judgment, and the fact of such service within that time must be shown by the record to give this court jurisdiction."

Since then, the court has consistently adhered to the views thus expressed. See McGinnis v. Beatty, 27 Wyo. 287, 293, 196 Pac. 311; Koch v. Koch, 41 Wyo. 450, 287 Pac. 85; Lindback v. Lackey, 41 Wyo. 493, 287 Pac. 320; Simpson v. Occidental Building & Loan Ass'n et al., 45 Wyo. 425, 431, 19 P. (2d) 958.

Additionally, it may be noted that the abstract of the record fails to comply with the requirements of Rule 37 of this court, and the cause is, for that reason also, subject to dismissal. Simpson v. Occidental Building & Loan Ass'n et al., *supra*. See, also, Brewer v. Folsom Brothers Co., 43 Wyo. 433, 438-9, 5 P. (2d) 283; Fryer v. Campbell, 46 Wyo. 491, 28 P. (2d) 475; In re St. Clair's Estate, 46 Wyo. 446, 28 P. (2d) 894.

The appeal must be dismissed.

*Dismissed.*

KIMBALL, C. J., and BLUME, J., concur.

## ON MOTION FOR LEAVE TO AMEND

PER CURIAM.

On March 13, 1934, the appeal was dismissed because the record failed to show service of the notice of appeal. 30 P. (2d) 490. On March 21, appellant filed a motion for leave to amend the record by filing proof that the notice of appeal was served in time by registered mail. We assumed that the affidavit accompanying the motion stated facts showing such service, but it failed to show that proof of service was filed with the clerk of the district court, and for that reason the motion, on March 27, 1934, was denied without written opinion. We need not say whether or not there were other reasons for denial of the motion. The record was returned

to the District Court on April 14, 1934. On April 16, the clerk received from appellant a stipulation signed by counsel for both parties showing that service of notice of appeal was made in time, and a certificate of the clerk of the district court which we assume is sufficient to show that proof of service was filed with him on April 14.

In Mitter v. Black Diamond Coal Co., 28 Wyo. 439, 446-447, 206 Pac. 152, we said: "While we are of opinion that the record on appeal should contain the notice of appeal, filed within ten days, and also evidence of its service within that time, these two things need not appear by the same paper, and proof of service may be filed after the ten days if it be in time to become properly a part of the record on appeal."

Proof of service, "to become properly a part of the record on appeal," should be filed not later than the time when the record for the appeal is prepared and certified by the clerk of the district court. The record on appeal in the case at bar contained no proof of service, and our order of dismissal on that ground cannot be changed on a showing that such proof was filed too late to become a part of the record. As the case in this court is at an end, the stipulation and certificate now proffered need not be filed.

A word of caution may be added. The rule stated in the Mitter case allows a much longer time than actually required for filing the proof of service. Such a liberal rule finds justification, perhaps, in the assumption that ordinarily the respondent will not be prejudiced, nor the perfecting of the appeal delayed, by delay in filing the proof if it be filed in time to become a part of the record. There would be no harshness in a rule requiring the proof to be filed within a reasonable time after service. In most cases the proof of service is at-

tached to or endorsed on the notice and filed within the ten days allowed for serving and filing the notice. In the future, if it should appear that a respondent has been prejudiced by failure to file the proof within a reasonable time after service, we may hold that the delay is fatal to the appeal.