# FARMERS STATE BANK OF RIVERTON v. INVESTORS GUARANTY CORPORATION, ET AL.

(No. 1883; June 6, 1935; 45 Pac. (2d) 1057)

(Rehearing denied October 1, 1935)

For the plaintiff and appellant, there was a brief on the motions by *R. R. Rose,* of Casper, and *A. C. Allen,* of Riverton, and oral argument by *Mr. Rose.*

For the defendants and respondents there was a brief on the motions by *C. H. Harkins*, of Worland;

*E. E. Enterline* and *Madge Enterline,* of Casper, and oral arguments by *Messrs. Harkins* and *Enterline.*

Per Curiam.

This case was brought to this court pursuant to the direct appeal method of appellate procedure and has been attacked by the joint and several motion of thirteen of the sixteen respondents to dismiss the appeal, on the grounds, (1) that the appellant has wholly failed to comply with the rules of this court in the preparation of the abstract of record in certain particulars specifically enumerated; and, (2) because appellant's brief does not conform to the rules of this court, in that it does not contain a statement of the points relied upon and does not refer particularly to the page or portion of the record where any of the questions discussed arose.

Before this motion was heard appellant filed its motion for leave to complete its abstract of the record by adding thereto a tendered abstract of the pleadings, the judgment, notice of appeal, certificate of the clerk of the district court of Fremont County, relating to the service of said notice, specifications of error and certificate of counsel as to the verity of the abstract. Having at the same time filed a supplemental brief, appellant's motion additionally asks leave that said brief be taken and considered in support of its appeal.

The argument of counsel upon both of these motions was submitted at the hearing had for that purpose, and they are now before the court for disposition.

The tendered missing portions of the abstract of record, with one exception, presently to be noted, and the filed supplemental brief aforesaid appear in large measure to remedy the defects relied on by respondents' motion to dismiss. That the defects suggested by that motion were and are serious in character is plain from the previous decisions of this court. See Kabell

v. Kabell, 42 Wyo. 360, 224 Pac. 695; Brewer v. Folsom Bros. Co., 43 Wyo. 433, 5 Pac. (2d) 283; Simpson v. Occidental Building & Loan Association, 45 Wyo. 425, 19 Pac. (2d) 958; Fryer v. Campbell, 46 Wyo. 491, 28 Pac. (2d) 475; Holliday v. Bundy, 42 Wyo. 61, 289 Pac. 1094; Wyoming Automotive Co. v. Weisflog, 47 Wyo. 32, 30 Pac. (2d) 490; In re St. Clair's Estate, 46 Wyo. 446, 28 Pac. (2d) 894.

Following the views expressed in these cases, however, as a reasonably prompt effort has been made to cure the defective abstract and brief after their faults were called to the attention of this court by respondents' motion to dismiss, we might be inclined to grant appellant's motion were it not for the condition in which we find the tendered additional abstract material relative to the matter of service of the notice of appeal in this case. An examination of the record itself shows that this submitted material correctly reflects the situation there.

It has often been decided by this court since the case of Culbertson v. Ainsworth, 26 Wyo. 214, 181 Pac. 418, that the notice of appeal "must be served within ten days from the entry of the judgment and the fact of such service within that time must be shown by the record to give this court jurisdiction." The contention is presented on behalf of respondents that there is no service of the notice of appeal as required by law shown by the record in this case, and the point has been argued both by briefs of the parties and orally at the hearing. It is grounded upon the following facts disclosed by the record:

The judgment rendered by the district court of Fremont County which is now sought to be questioned was entered on November 28, 1933. On the following day, November 29th, a notice of appeal from this judgment was filed, addressed to all the defendants in the case, this notice appearing to be in the usual form

and signed by one of the attorneys for the plaintiff, appellant here. There is no acknowledgment of service of said notice by any of the defendants or their counsel accompanying it and none was filed thereafter within the ten days allowed by law for that purpose. To show legal service of the notice the appellant relies upon a "certificate" made by the clerk of the district court aforesaid and filed May 2, 1934, three days before the record in the case, pursuant to several extensions of time for filing it, duly granted by the trial judge, was filed and nearly five months after the ten day period already referred to had elapsed. This "certificate" is to the effect that on the 29th of November, 1933, and after the entry of the judgment in the cause, a notice of appeal and two copies thereof were filed in the office of the clerk of said court by the plaintiff, directed to the defendants and each of them. After setting out verbatim the language of the notice, the certificate proceeds to state that the defendants "were not, nor was either or any of them, at the time of filing of said notice, nor were they or either of them at any time within ten days from the time of filing said notice within or able to be found within the said County of Fremont." The certificate also states relative to the corporate defendants that neither their usual places of business, nor their officers, nor their agents could be found in Fremont County; that the two attorneys of record for the defendants were each non-residents of that county and "that at the time of the filing of said notice of appeal, and ever since thereafter, said attorneys were not within" said county, and neither at the time of filing of the notice of appeal, nor "at any time thereafter" could it be served upon them within said county; that upon the filing of said notice of appeal and the aforesaid copies thereof, the said clerk mailed to each of the counsel for the defendants one of said copies at their respective residences, and that

"both of said copies were received by said attorneys for said defendants." The statements thus contained in the certificate were not verified by any one. The official seal of the clerk of the district court is attached to the certificate.

The pertinent portions of the Direct Appeal Act are Section 89-4902, which reads:

"An appeal must be taken by serving a notice in writing to such effect, signed by the appellant, or his attorney, upon the opposing party, or his attorney, within ten days from the entry of the order or judgment appealed from, and said notice of appeal shall be filed with the clerk of the district court where the order or judgment appealed from is entered, within said ten days. The notice of appeal shall state whether the appeal is from the whole or a part of the judgment or order appealed from, and if from a part only, shall specifically state what part."

and Section 89-4909, whose language is:

"The notice of appeal and specifications of error herein provided for may be served by the party intending to appeal by delivering copies thereof to either the opposing party or his counsel within the county where the judgment or order entered is appealed from, and in the event such personal service cannot be had within the county, the filing of an original and copy thereof with the clerk of the district court of such county shall be deemed service of such papers."

The contention advanced for appellant is that as two copies of the notice of appeal were filed with the clerk, and he states in his certificate that neither of the defendants and neither of their counsel could be served with a copy of said notice in Fremont County, the service was properly made under the terms of the last clause in Section 89-4909, supra. It is said, too, that as service of such notice may be made by the party intending to appeal, his agent may do that for him, and proof of the fact that personal service could

not be made in the county may be furnished by the affidavit or certificate of any one, whether an official or private citizen, who might legally have made the. personal service, if that could have been done within the county. Hence it is argued the certificate of the clerk in the case at bar should be accepted as proof of that fact.

This court has said in McDonald v. Mulkey, 29 Wyo. 99, 210 Pac. 940, that:

"It is no doubt true that, as a general rule, the clerk's certificate is not evidence of any fact beyond that which the law requires him to certify. (Rund Mfg. Co. v. Laedrich, (Mo. App.) 214 S. W. 239.)"

So 11 C. J. 887 states the rule:

"Ordinarily the clerk is authorized to attest and certify the records and proceedings of his court. But his authority in this regard is only as great as the statute gives him, and beyond that his certificate to the record or proceeding is of no greater force or value than the certificate of any other individual."

It seems to be generally held that the certificate of a public officer as to matters or facts which he is not by statute or legal rule required or given authority to make is extra-official and entitled to no greater weight as evidence than the unsworn certificate of any other person. 2 Enc. of Evidence 964, 965 and cases cited; 22 C. J. 811; Boardman v. Paige, 11 N. H. 431; Wright v. Bundy, 11 Ind. 398; Daggett v. Bonewitz, 107 Ind. 276.

In Adams v. Central of Georgia Ry. Co., 198 Ala. 433, 73 So. 650, we find the following language:

"In the absence of valid authorization, an official custodian is not competent to certify to anything not copied from the documents or records in his custody. Such a custodian cannot deduce from documents or records his conclusions of fact and give thereto by his certification any sanction or force as evidence. The

general rule is that if facts, outside of the reproduced official record or document, are necessary to be proven, the ordinary methods to establish facts in the courts must be observed. Peebles v. Tomlinson, 33 Ala. 336; Bonner v. Phillips, 77 Ala. 427; Jones on Ev. § 543; 2 Ency. of Ev. pp. 964-967."

A certificate of a sheriff setting forth the performance of acts not in the line of his official duty in Obermeier, etc. Co. v. Core-Thompson Co., 25 Ark. 562, was held not admissible as evidence.

Where a clerk of court certified that he had examined the records of his office in which the laws of the state required returns of marriages to be filed and that he could find no return of a certain marriage and that he knew of no minister by the name of Blake and that his name did not appear on the records of that office, or in the city directory for the year 1899, in Pontier v. State, 107 Md. 384, 68 Atl. 1059, referring to the certificate, the court said:

"It was not evidence for any purpose. It was not an authenticated copy of any public record at all, but merely a statement by the clerk of his own conclusions from an examination of records alleged to be in his custody. It did not even profess to state the substance or contents of the record but was an attempted certification as to the facts not appearing of record. A copy of the record itself must be produced so that the tribunal before which it is offered in evidence may see what it does and does not contain. Oral testimony under oath of a search made of public records and its results is sometimes admitted to show the non-appearance thereon of certain entries or facts, but a mere negative certificate of the kind offered in this case is not admissible for that purpose. 17 Cyc. 337-8; Elliott on Evidence, vol. 2, sec. 1355."

See also Armstrong v. Boylan, 4 N. J. L. 84.

In McKinnon v. Fuller, 33 S. D. 582, 146 N. W. 910, it appeared that the trial court had found that there

never was filed in the office of the clerk of the circuit court of Potter County any notice of the maturity of a tax sale certificate, and that there was no additional affidavit attached to that of publication filed as required by law. Seeking to question the sufficiency of these findings the appellant referred the court to a certificate appearing in the record made by the clerk of the circuit court of Potter County to the effect that "proof of due and legal service of Notice of Maturity of the written Certificate has been filed in my office in accordance with the provisions of section 15, chapter 51, Laws 1901." Appellant contended that this certificate established the fact of the filing of proof of publication of the notice of maturity of the tax sale certificate in the office of the clerk of the circuit court, and that the presumption of regularity of official acts was sufficient to show that the "ex rel affidavit" was attached to the affidavit of publication when the same was filed in the clerk's office. Holding that the certificate was not evidence, the court said:

"The printed record before us does not purport to contain any of the evidence except the alleged certificate of the clerk of the circuit court, and appellant relies wholly upon the recitals therein, and the presumption of regularity of official acts, to reverse the finding of the trial court. The law does not authorize nor direct the clerk to make a record of the matters recited in this so-called certificate, nor does it require the making or filing of any such certificate. Where there is no statutory authority for the making of a record or certificate by a public officer, a record or certificate of an officer is incompetent and inadmissable as evidence. Davis v. Davis, 24 S. D. 474, 124 N. W. 715; State v. Flagstad, 25 S. D. 337, 126 N. W. 585; Murray v. Johnson, 28 S. D. 571; 134 N. W. 206. The certificate of the clerk of the circuit court was therefore incompetent to prove the fact of filing of the affidavit of publication and therefore would not sustain the inference drawn from its recitals."

In Reynolds v. Dechaumes, 22 Tex. 116, the case came before the court on the motion of plaintiffs in error for leave to file and docket a transcript, on error to the district court of Bastrop County, said transcript having not been filed at the proper time. In support of the motion, the plaintiffs in error filed an affidavit of their attorney, and also a certificate by a deputy clerk of the district court of said county, under official seal, which stated that in this case a transcript had been made of all the papers and records therein; and that on September 16, 1858, the same was demanded by and delivered to one of the plaintiffs' attorneys in the district court; and that said transcript had not been in his possession since that date. The affidavit aforesaid stated certain facts relative to the preparation and disposition of the transcript, which the court proceeded to consider, and then said:

"The clerk of the district court of Bastrop County has certified to certain facts in relation to this matter. As the law does not require him to make any such certificate, he has attached to those facts no greater evidence of verity, than if they had been certified to by any other person, who had not been sworn to them. Therefore, such certificates cannot properly form the foundation of judicial action, and need not be presented on any application of this kind."

In Creech v. Brock, 159 Ky. 739, 169 S. W. 483, appellee, in support of his motion to dismiss the cause, filed a certificate by the clerk of the circuit court reading: "I further certify that a transcript of the record in this case has never been called for by either party and that said record could have been copied in the time fixed by law for filing transcripts in such cases if directed by either party." Declining to consider such certificate in connection with the disposition of the motion the court said: "A certificate by an officer as to a fact which he is by law authorized to certify,

is evidence; but a certificate by him as to other facts is no more competent as evidence than a similar certificate from a private person. The certificate of the clerk not relating to a matter which he is authorized by law to certify, cannot therefore be considered. His affidavit should have been filed."

Our statute, Section 89-1726, W. R. S. 1931, points out that:

"An affidavit may be used to verify a pleading, to prove the service of a summons, notice or other process, in an action to obtain a provisional remedy, an examination of a witness, a stay of proceedings, or upon a motion, and in any other case permitted by law."

It is quite evident from an examination of Section 89-4909, supra, that before a party desiring to appeal from a judgment or order in a cause is authorized to file a copy of the notice of appeal with the clerk of the district court, and thereby invoke the statutory declaration that the filing of the original and a copy thereof "shall be deemed service of such papers," it must appear that personal service thereof within the county "cannot be had." The establishment of this necessary fact is a condition precedent, as we see it, to the accomplishment of service when personal service is not had. The law undoubtedly contemplates that personal service shall be made in every case where possible, and only permits the filing of copy of the notice of appeal when such service is found to be impossible. How should such fact be established on the record and when? Appellant urges that the mere unsworn statement of a party, or his agent, filed in the cause should be regarded as such proof. We cannot think that this should be so. In our judgment the statute intends that the record should first show by some one of the usual methods of supplying proof in courts of justice, such as by affidavit as indicated by Section 89-1726, supra,

or the certificate of the sheriff or other official, whose duty it is to make service of process, that personal service within the county of the notice of appeal cannot be made on the opposite party or his counsel. When an affidavit of the party, or his agent, is employed, it should make the matter reasonably clear that some effort at least has been made to accomplish personal service by the person undertaking that duty.

The certificate of the clerk relied on by appellant, assuming that he could and did act as agent for one of the litigants in this case, under the authorities above reviewed, is entitled, aside from the certification of the fact that copies of the notice of appeal were filed in his office and when, to no weight or judicial consideration whatsoever. No statute of this state has been drawn to our attention which authorizes the clerk of the district court to make such a certificate officially, and we have been able to find none. It does not show that any effort of any kind was ever made at the time the notice of appeal was filed to find defendants, or their counsel, in Fremont County. That the copies of the notice of appeal were mailed to counsel for the defendants, and received by them, adds no force to the certificate. More than this, it was filed months after the ten days for making service of the notice of appeal had expired; and as already intimated, being essential to allow the filing of a copy of the notice, so that it with the original should constitute service, the proper proof should have been filed before or at the time said copy came into the clerk's office. Neither the proof of non-ability to make personal service nor the filing of the copy of the notice of appeal may stand alone. Both must be timely filed. It may well be, of course, if both were filed within the ten days, though in reverse order, the service should be regarded as good. Under our holding in Wyoming Automotive Co. v. Weisflog, 47 Wyo. 32, 31 Pac. (2d) 679, proof of such filing doubt-

less could be supplied "not later than the time when the record for the appeal is prepared and certified by the clerk of the district court."

To sanction unsworn proof of so an essential fact as inability to make personal service within the county as the statute requires, would result in altogether too loose a practice and lead inevitably to mischiefs which could not be tolerated. Indeed, in the case at bar we have presented to us an affidavit of one of the defendants, Henry Keating, who swears, "that on November 28, 1933, and for some time prior thereto, and ever since said date, affiant has been the duly elected, qualified and acting Mayor of the Town of Riverton, Fremont County, Wyoming, and during all of said time has resided at the Teton Hotel in said Town of Riverton"; and also that one of the attorneys for appellant had during all that period resided in the town of Riverton and was well acquainted with the facts thus set out. This affidavit was verified January 29, 1935, and is not controverted.

It results from what has been said that as no proof of inability to make service of the notice of appeal upon the defendants, or their counsel, in Fremont County was timely or at all placed on file in the office of the clerk of the district court of said county, this court is without jurisdiction to review the judgment in question, and the motion to dismiss must be sustained. Appellant's motion for leave to complete its abstract and correct its brief as filed will be denied.

*Dismissed.*