Percy G. GINN, Appellant (Appellant below),

v.

Martin L. PARRISH, Appellee (Appellee below).

No. 2971.

Supreme Court of Wyoming.

June 13, 1961.

Greenwood, Ferrall, Bloomfield, Osborn & Lynch, Cheyenne, for appellant.

Henderson & Godfrey, Cheyenne, for appellee.

Before BLUME, C. J., and PARKER, HARNSBERGER and McINTYRE, JJ.

Mr. Chief Justice BLUME delivered the opinion of the court.

The case here involves a decision of the District Court of Platte County, Wyoming, sustaining the decision of the State Board of Land Commissioners in granting to Martin L. Parrish, appellee herein, a lease to some state land which had recently been acquired by the State of Wyoming from the Federal Government under the so-called Carey Land Act, 43 U.S.C.A. § 641 et seq.

Parrish, appellee herein, and Percy G. Ginn, appellant herein, had applied for the lease. The lands herein involved are the E½SW¼ and the N½SE¼ of Sec. 34 and the N½SW¼ of Sec. 35, all in T. 23 N, R. 67 W, 6th P.M., Platte County, Wyoming. Percy G. Ginn, appellant herein, applied for a lease to this land on April 10, 1958, offering 15 cents an acre and stating that he had some 260 sheep, 16 cattle and 2 horses. Martin L. Parrish, appellee herein, applied for a lease to the same lands on May 25, 1958, offering 33 cents per acre on the land in Section 34 and 50 cents per acre for the land in Section 35 and stating that he had 22 head of cattle. The deeded land of Ginn adjoins the state land on the north and the deeded land of Parrish adjoins the southeast quarter of the southwest quarter of Section 34 aforesaid on the south. On January 9, 1959, the Commissioner of Public Lands awarded the lease to the foregoing lands to Parrish at the rate offered by the latter. An appeal from that decision was taken by Ginn. He alleged that the commissioner acted in disregard and in violation of the laws of the state and contrary to the evidence and that he acted wrongfully and arbitrarily. Parrish denied these allegations and, among other things, stated that he needed the lease and had no water for any cattle other than from the land awarded to him by the commissioner and that Ginn had sufficient supply of water on lands which were awarded to him by the commissioner. It appears that Ginn had been awarded a lease of 240 acres for lands other than those in controversy herein.

The hearing on the appeal came on before the State Board of Land Commissioners on April 28, 1959. The hearing involved numerous lands in addition to the lands herein involved. The hearing was continued until and including May 1, 1959. The matter of the application for the lease of Parrish and Ginn herein involved was heard on April 29, 1959. On May 1, 1959, the lease was awarded to Parrish. On May 4, 1959, the commissioner notified Ginn and Parrish by registered mail that the latter had been awarded the lease on the land

here in controversy. Notice was also sent to counsel for appellant as well as for appellee. An appeal was taken to the district court by Ginn on June 18, 1959. Apparently no complaint is made as to the SE¼SW¼ of Section 34 aforesaid. The matter came on for hearing in the district court on December 22, 1959, and the action of the State Board of Land Commissioners was approved.

In the meantime and on May 13, 1959, counsel for the appellant herein addressed a letter to Governor Hickey, president of the State Board of Land Commissioners, stating as follows:

"We have received a notice from the Commissioner of Public Lands that the Board of Land Commissioners will complete the hearing on Carey Act Conflicts on May 15, 1959 * * *.

"We assume that at the close of this hearing we will be granted an opportunity to address a few remarks to the Board relating to all the Carey Act Conflicts in general.

"We request the Board to permit the parties to offer some additional evidence relating to the Conflict on the NE¼SW¼ and N½SE¼ of Section 34 and N½SW¼ of Section 35, all in Township 23 North, Range 67 West of the 6th P.M., in Platte County, Wyoming. The parties involved in this Conflict are: Martin Parrish, who was represented by Harry B. Henderson at other hearings; and Percy G. Ginn, who was represented by this office. The Ginns will be present on May 15, 1959."

It may be noticed that in this letter counsel for appellant entirely ignore the fact that the lease for the lands in controversy had been awarded on May 1, 1959, and that notice of that fact was sent by registered mail on May 4, 1959. In the bundle of papers before us we find no record of the State Board of Land Commissioners relating to any continuance of the hearing in regard to the lands in controversy. In fact there is no record of that board of any kind that

a meeting of the board was held on May 15, 1959, or that any action of any kind was taken in regard to the lands in controversy on that date.

There is, however, an indication that a meeting of the board was held on May 15, 1959. That appears in a letter written by the reporter of the proceedings on April 29, 1959, namely Mr. Lanceford C. Bjella. This letter, dated October 2, 1959, appears on page 126 of the record before us and is in part as follows:

"In response to your letter of September 29, 1959, concerning further proceedings in the above matter on May 15, 1959, before the State Board of Land Commissioners, this matter was brought to my attention by the Land Office about two or three weeks ago, and at that time I made a diligent search of my notes of all of the hearings held at that time and I found no notes pertaining to the above matter.

"It is also my distinct recollection that there was discussion about the matter with the Board on May 15th. My only explanation for not reporting any such discussion is that if it was, as you say, the first order of business on May 15th before the Board, that it was more or less an informal discussion and no indication given to me to report it."

The bundle of papers before us also contains an affidavit by James A. Greenwood dated November 6, 1959. It does not appear that it is any part of the record before us. It has no filing mark. The affidavit is as follows:

"James A. Greenwood, being of lawful age and first duly sworn on oath, deposes and says:

"1. That he was one of the attorneys for the above named Appellant on April 29, 30 and May 1, 1959, at which time he represented Appellant at hearings before the Board of Land Commissioners of the State of Wyoming on Appellant's Application Number 9066C for a grazing lease on NE¼SW¼ and N½

SE¼ of Section 34, and N½SW¼ of Section 35, all in Township 23 North, Range 67 West of the 6th P.M., in Platte County, Wyoming.

"2. That said hearings were adjourned on May 1, 1959, and reconvened at 9:00 o'clock A.M., on May 15, 1959.

"3. That on May 4, 1959, the Commissioner of Public Lands mailed a letter to deponent announcing the Board's decision that the above described land was awarded to the Appellee.

"4. That said Board regularly convened at 9:00 o'clock A.M., on May 15, 1959, and that Lanceford C. Bjella was present at that time in the capacity of a shorthand reporter employed by the State of Wyoming.

"5. That the deponent asked J. J. Hickey, Governor of the State of Wyoming and the Presiding Member of said Board, questions concerning the composition of said Board at the time Application No. 9066C was heard by the Board and at the time Application No. 9066C was decided by the Board.

"6. That said Presiding Member replied that the Application was decided by three of the five members of the Board, and that one of the three members who decided the matter was not present during the presentation of the evidence.

"7. That the deponent has requested said shorthand reporter to include the above proceeding in the official transcript.

"8. That said reporter has informed deponent that he failed to report said proceeding as more fully appears from the attached letter."

■ Section 36–28, W.S.1957, provides that notice of an appeal from the State Board of Land Commissioners to the district court must be given within thirty days after receiving notice by registered mail of the action of the board. Strict compliance with the requirements of the statute must be made in order to confer jurisdiction of the appeal in the district court. 73 C.J.S. Public Administrative Bodies and Procedure § 195; Wyoming Automotive Co. v. Weisflog, 47 Wyo. 32, 30 P.2d 490, 31 P.2d 679; Farmers State Bank of Riverton v. Investors Guaranty Corporation, 48 Wyo. 319, 45 P.2d 1057. As heretofore stated, the decision of the board as to the lands in controversy was made on May 1, 1959. Notice of the action of the board was mailed on May 4, 1959, and we may presume that it was received about May 5 or 6, 1959. An appeal was taken on June 18, 1959, some forty-two or forty-three days after the notice was mailed. Counsel for the appellee state that the appeal should have been taken within thirty days after the decision was rendered and notice thereof was given. If so, the district court acquired no jurisdiction in the case. We cannot see how we can escape from sustaining appellee's contention. Counsel for appellant have not enlightened us on the subject. As heretofore indicated, it seems that some sort of meeting was held on May 15, 1959, by the board, but what was done appears, if at all, by the affidavit of Mr. Greenwood. The authorities do not appear to be uniform on the question as to whether or not in the absence of legislation a rehearing may be granted. 73 C.J.S. Public Administrative Bodies and Procedure § 156. The attorney general's office of this state gave a lengthy opinion on the subject, citing many cases and holding that without authority by statute or rule a rehearing may not be granted. Opinions of the Attorneys General, State of Wyoming, December 12, 1932–December 31, 1940, p. 851. No statute or rule changing that opinion has been adopted since that time.

■ Assuming, however, that a rehearing was proper or that additional testimony might be heard, it does not appear in the record of the board before us what was done. Counsel for appellant state in their brief that the board refusd to hear more

testimony on May 15, 1959, counsel knew then what the board did. There is no statute that requires any further notice to the parties. And if the final decision in the matter was taken on May 15, 1959, as counsel indicate, then the right of appeal to the district court expired on June 14, 1959, so that the appeal was at least four days too late. Hence, the district court acquired no jurisdiction. What the appellate court should do when the lower court has no jurisdiction is discussed in 5B C.J.S. Appeal & Error § 1926 and 4 C.J. 1188. This court can have no greater jurisdiction of the subject matter than the trial court. A dismissal of the appeal to this court would seem to dispose of the whole matter. An order to that effect will accordingly be entered. Fortier v. Fortier, 23 Wash.2d 748, 162 P.2d 438.

Dismissed.